Richmond

DANNY EUGENE JENKINS

V.

COMMONWEALTH OF VIRGINIA

January 12, 1979.

Record No. 771730.

Present: All the Justices.

*Alvin B. Fox (Louis Ellenson; Ellenson, Fox and Wittan, Inc.*, on brief), for appellant.

*Thomas D. Bagwell, Assistant Attorney General (Marshall Coleman, Attorney General*, on brief), for appellee.

HARMAN, J., delivered the opinion of the Court.

Danny Eugene Jenkins (Jenkins or defendant), indicted for the murder of Carl Ronald Wilburn (Wilburn) and the use of a firearm in the commission of that felony, was convicted by a jury of both offenses and his total punishment was fixed at 51 years in the state penitentiary. The sole issue on appeal is whether the trial court erred in permitting defendant's wife, over defendant's objection, to testify as a witness for the Commonwealth.

Wilburn was killed by a shotgun blast on March 31, 1977, as he was driving his car south along Route 17, a four-lane highway, in Gloucester County. Defendant's estranged wife, Iris Kay Corning Jenkins, was riding as a passenger in the right front seat of Wilburn's vehicle when the shooting occurred. For purposes of this appeal, defendant concedes that the shot which killed Wilburn was fired at and intended to strike Mrs. Jenkins. Indeed, the Commonwealth's theory at trial was that defendant intended to shoot his wife, and the trial court instructed the jury on the doctrine of transferred intent. Jenkins and his wife were the only eyewitnesses to the killing.

At trial defendant's wife was allowed to testify over his objection. Her testimony disclosed that she and the defendant had been separated for more than two months and that she had employed counsel to institute suit for divorce. Her testimony revealed that defendant had threatened her with death or great bodily harm on several occasions after their separation.

On the night of the homicide Mrs. Jenkins accompanied Wilburn to a restaurant in a nearby town where they ate dinner. While returning to Gloucester in Wilburn's car, the couple encountered the defendant, who was driving his truck in the opposite direction. Mrs. Jenkins related that the defendant turned his vehicle, overtook the car in which she was riding, and began signaling Wilburn to stop. At Mrs. Jenkins' request, Wilburn did not stop when the defendant first signaled, but finally stopped because defendant continued signaling him.

Mrs. Jenkins said that she and her husband had a short conversation in which defendant requested her to come with him. She declined to do so, asked defendant to "leave [her] alone", and reentered Wilburn's car. When Wilburn drove away defendant pulled abreast of Wilburn's car and continued to signal and shout at Mrs. Jenkins and Wilburn for a short distance before passing them and stopping his truck on the shoulder of the highway. Mrs.

Jenkins' further testimony discloses that a short time later the defendant again overtook the Wilburn vehicle, drove abreast of it and fired the shot which killed Wilburn.

On the date of defendant's trial Code § 8-288, since amended and recodified as Code § 19.2-271.2, provided:

> "In criminal cases husband and wife shall be allowed, and, subject to the rules of evidence governing other witnesses, may be compelled to testify in behalf of each other, but neither shall be compelled, nor, without the consent of the other, allowed to be called as a witness against the other, *except in the case of a prosecution for an offense committed by one against the other* or against a minor child of either and except in the case either is charged with forgery of the name of the other or uttering or attempting to utter a writing bearing the allegedly forged signature of the other; but if either be called and examined in any case as a witness in behalf of the other, the one so examined shall be deemed competent, and, subject to the exception stated in the next section, may be compelled to testify against the other under the same rules of evidence governing other witnesses. The failure of either husband or wife to testify, however, shall create no presumption against the accused, nor be the subject of any comment before the court or jury by any attorney. *In the prosecution for a criminal offense committed by one against the other* or against a minor child of either not over sixteen years of age or against one charged with forgery of the name of the other, or uttering, or attempting to utter a writing bearing the allegedly forged signature of the other, each shall be a competent witness except as to privileged communications." (emphasis supplied)

The trial court, relying primarily on *Davis v. Commonwealth*, 99 Va. 838, 38 S.E. 191 (1901), held the wife's testimony admissible

on the ground that the evidence disclosed an offense had been committed against Mrs. Jenkins and that Wilburn was killed ". . .during the commission of this alleged offense. . . ."

We reverse. The trial court's reliance on *Davis* was misplaced. One of the issues there was whether the indictment charged an offense committed by the husband against the wife. Finding, as a matter of statutory construction, that the indictment charged such an offense, we held the wife to be a competent witness against her husband.

In *Meade v. Commonwealth*, 186 Va. 775, 43 S.E.2d 858 (1947), we had occasion to consider § 6211 of the 1942 Code, a statutory ancestor of our present statute. There, speaking through Mr. Justice Spratley, we said:

> ". . .[W]e find, in our statute, no language save that relating to consent, which broadens the common law rule that neither husband nor wife may be called as a witness against the other, *except in the case of a prosecution for an offense committed by one against the other.*" (emphasis supplied), 186 Va. at 784, 43 S.E.2d at 863.

Since *Meade*, the exception has been broadened to permit one spouse to testify against the other in the prosecution for an offense committed against a minor child of either, Acts, 1950, c. 381, Acts, 1960, c. 469, and to permit one spouse whose signature had been forged, uttered or attempted to be uttered to testify against the other in a prosecution for those offenses. Acts, 1960, c. 469.

While defendant was originally also charged with the attempted murder of his wife, the Commonwealth elected not to prosecute this offense and that charge was dismissed prior to trial on the charges for which defendant stands convicted. The defendant was brought to trial under indictments charging him with the murder of Wilburn and using a firearm in the commission of that felony. Neither of the indictments charged that defendant committed an offense against his wife, so neither was a prosecution for an offense committed against the wife. Therefore, Mrs. Jenkins was incompetent to testify against her husband.

While the statute mandates that the judgments be reversed, what we said in *Meade* seems particularly appropriate here:

"Professor Wigmore in his excellent work on Evidence, 3rd Ed., Vol. VIII, page 221 *et. seq.*, vigorously attacks the privileges granted by the common law rule and the reasons upon which the rule is based. We are not, however, called upon to pass upon the reasons for the rule, or the wisdom of the law. A lack of good reason may be ground for the legislature to change the law; but we must construe the law as it is."

186 Va. at 784, 43 S.E.2d at 862.

For the error in admitting Mrs. Jenkins' testimony, the judgments will be reversed and the cases will be remanded for a new trial, if the Commonwealth be so advised.

*Reversed and remanded.*