## Richmond

DENNIS J. HUDSON

V.

COMMONWEALTH OF VIRGINIA

June 18, 1982.

Record No. 811619.

Present: All the Justices.

*James E. Mullins* for appellant.

*Jerry P. Slonaker, Assistant Attorney General (Gerald L. Baliles, Attorney General,* on brief), for appellee.

CARRICO, C.J., delivered the opinion of the Court.

In *Stewart* v. *Commonwealth,* 219 Va. 887, 252 S.E.2d 329 (1979), we decided that a husband may be convicted of stealing his wife's property. We reserved for later decision, however, the related question whether a wife is a competent witness against her husband in his prosecution for larceny of her property.[1] The issue is presented squarely by this appeal.

The present prosecution commenced with a three-count indictment charging Dennis J. Hudson with (1) forging the name of his wife, Maria Hudson, to a deed, an endorsement on a deed of trust note, and an assignment, (2) uttering the forged instruments, and (3) obtaining by false pretenses more than $200 from Mrs. Hudson.[2] In a unitary trial of the three counts, Mrs. Hudson was permitted to testify against her husband. He was convicted of all three charges, and his punishment was fixed at twelve months in jail and a $1,000 fine on each of the first two counts and at two years in the penitentiary on the false pretenses count.

The evidence showed that the Hudsons were married December 18, 1976, and that they separated October 30, 1980. Following their separation, they executed a property settlement agreement which provided for the sale of their jointly owned real estate and an equal division of the net proceeds between them. In February, 1981, Hudson hired a woman to pose as his wife; he then had the

---

[1] Because the husband and wife in *Stewart* had been divorced *a mensa* at time of trial, she was a competent witness against him. Hence, we found it unnecessary to decide whether she would have been competent in the absence of the divorce.

[2] Under Code § 18.2-178, the obtaining of money by false pretenses is larceny.

imposter execute the papers necessary to consummate a sale of the Hudson property so he could divert to himself Mrs. Hudson's share of the proceeds. Before Mrs. Hudson learned of the scheme, the sale had been closed and the proceeds partially disbursed to Mr. Hudson.

Code § 19.2-271.2 (1981 Cum. Supp.) is at the heart of this controversy. In pertinent part, the section provides:

> In criminal cases husband and wife shall be allowed, and, subject to the rules of evidence governing other witnesses, may be compelled to testify in behalf of each other, but neither shall be compelled, nor, without the consent of the other, allowed to be called as a witness against the other, *except in the case of a prosecution for an offense committed by one against the other* . . . and except in the case either is charged with forgery of the name of the other or uttering or attempting to utter a writing bearing the allegedly forged signature of the other . . . . [Emphasis added.]

■ Mr. Hudson concedes that, pursuant to the second statutory exception set forth above, his wife was a competent witness against him with respect to the offenses of forgery and uttering charged in the indictment. He says, however, that Mrs. Hudson was not competent to testify on the false pretenses charge. He argues that no specific exception covers this charge and that the general exception, italicized above, merely codifies the common law rule permitting husband and wife to testify against each other only for offenses committed by one against *the person* of the other; because the false pretenses charge is one against property and not the person, it is not within the exception.

Mr. Hudson relies upon *Meade v. Commonwealth*, 186 Va. 775, 43 S.E.2d 858 (1947). There, Meade was prosecuted for forging his wife's name to a deed and uttering the forged instrument. The trial court permitted Mrs. Meade to testify against her husband. At the time, Code § 6211, the predecessor of § 19.2-271.2, did not contain the exception relating to forgery and uttering;[3] however, the section did contain the language providing an exception "in the case of a prosecution for an offense committed by one against the other."

---

[3] The exception concerning forgery and uttering was added in 1958. Acts 1958, ch. 231.

We reversed Meade's conviction. We noted that, at common law, neither husband nor wife was a competent witness against the other in a criminal case, "except where the crime was committed against the one testifying" and the offense "amounted to personal violence or a physical assault." 186 Va. at 779, 43 S.E.2d at 860. We said that "no language" in Code § 6211, "save that relating to consent," broadened the common law rule. *Id.* at 784, 43 S.E.2d at 863. Hence, we held that Mrs. Meade was not a competent witness against her husband.[4]

█ We have reexamined *Meade* and believe the case was decided incorrectly. The decision failed to give due consideration to the statutory exception "in the case of a prosecution for an offense committed by one against the other"; indeed, the *Meade* opinion contains no analysis of this statutory language. The opinion merely assumes that the statutory exception was identical in effect with the common law rule permitting one spouse to testify against the other only for interspousal offenses involving "personal violence" or "physical assault."

This was an erroneous assumption. If, in enacting legislation on the subject, the General Assembly had intended merely to codify the common law, it would have included language limiting the statutory exception to offenses against *the person* of the injured spouse rather than adopting the broader phrase, "an offense committed by one against the other." We believe the omission of language relating to "the person" is significant; the deletion signifies the legislative intent to alter the common law rule and to permit husband and wife to testify against each other in prosecutions for both personal and property offenses committed by one against the other.

Another consideration prompts reexamination of the *Meade* decision. Since *Meade* was decided, we held in *Stewart, supra,* that a husband may be convicted of stealing his wife's property. If we now follow *Meade,* we would perpetuate in the law the absurdity that a husband could be prosecuted for the theft of his wife's property, but she could not testify against him, even to identify the property as hers. We avoid this legal paradox and, at the same

---

[4] The Attorney General would distinguish *Meade* on the ground that the offenses there involved were not against the wife but against a third party, *viz.,* the grantee in the forged deed; however, the second count of the indictment charged that Meade uttered and recorded the forged deed "to the prejudice of the rights of [Mrs.] Meade." Hence, *Meade* is indistinguisable.

time, correct our previous decisional error by overruling *Meade*. We now hold that Code § 19.2-271.2 permits spousal testimony in prosecutions for offenses committed by one spouse against the property as well as the person of the other.

It is undisputed on appeal that the trial of the charge of false pretenses involved in this case was a prosecution for an offense committed by Mr. Hudson against his wife, and not against a third party. Accordingly, the trial court did not err in permitting Mrs. Hudson to testify against her husband. His conviction for all three offenses contained in the indictment will be affirmed.

*Affirmed.*