JIMMIE DONALD CREECH

V.

COMMONWEALTH OF VIRGINIA

Record No. 910599

November 8, 1991

Present: Carrico, C.J., Compton, Stephenson, Whiting, Lacy, and Hassell, JJ.

*Thomas P. Cheely* for appellant.

*Janet F. Rosser, Assistant Attorney General (Mary Sue Terry, Attorney General*, on brief), for appellee.

JUSTICE LACY delivered the opinion of the Court.

In this case we consider whether Va. Code § 19.2-271.2 was properly applied to allow one spouse to testify against the other in a criminal proceeding.

Jimmie Donald Creech was indicted for arson, Code § 18.2-77. The indictment charged that he "unlawfully and feloniously in the nighttime, maliciously burn[ed] a dwelling usually occupied, belonging to Jimmie Donald Creech." At trial, Creech's estranged wife, Vera Creech, testified that she owned all the furnishings in the dwelling and had brought them to the dwelling when she married Creech. She also testified, over Creech's objection and without his permission, that Creech had threatened to "torch" her property when she told him she was leaving him.

Creech was convicted by a jury and the Circuit Court of Dinwiddie County entered judgment on the verdict. Creech appealed, contending that Code § 19.2-271.2 prohibited Mrs. Creech's testimony without his consent. The Court of Appeals denied Creech's petition for appeal, concluding that the exception to the general rule of spousal privilege contained in Code § 19.2-271.2 was properly applied, citing *Hudson v. Commonwealth*, 223 Va. 596, 292 S.E.2d 317 (1982). We granted Creech an appeal, and we reverse.

Code § 19.2-271.2 provides that one spouse cannot be compelled or allowed to testify against the other in a criminal case without the consent of the accused spouse except "(i) in the case of a prosecution for an offense committed by one against the other . . . ." This case lacks an element essential for invocation of the statutory exception to the general rule of spousal immunity - prosecution of an offense committed by Creech against Mrs. Creech.

As we stated in *Jenkins v. Commonwealth*, 219 Va. 764, 767, 250 S.E.2d 763, 765 (1979):

Neither of the indictments charged that defendant committed an offense against his wife, so neither was a prosecution for an offense committed against the wife. Therefore, [the wife] was incompetent to testify against her husband.

Creech was neither charged with, nor tried for, any offense against his wife. While Mrs. Creech's property was destroyed along with Creech's house in the fire, Creech was indicted and tried solely for arson of his house.

■ Our subsequent decisions in *Hudson, supra,* and *Brown* v. *Commonwealth,* 223 Va. 601, 292 S.E.2d 319 (1982), have not altered the prerequisite of a prosecution for an offense committed against the testifying spouse. In *Hudson,* the defendant was charged with and convicted of, *inter alia,* "obtaining by false pretenses more than $200 from Mrs. Hudson." 223 Va. at 597, 292 S.E.2d at 317. We determined that the exception to spousal privilege contained in Code § 19.2-271.2 applies to offenses committed against the property, as well as the person, of a testifying spouse. *Id.* at 600, 292 S.E.2d at 319. This determination, however, does not dispense with the statutory requirement of a prosecution for an offense against the testifying spouse's person or property.

In *Brown,* the prerequisite prosecution of a crime against the testifying spouse was again present. There, the husband was charged with, prosecuted for, and convicted of malicious wounding of his wife, as well as the murder of her grandmother, and the use of a firearm in the commission of both offenses. 223 Va. at 603-04, 292 S.E.2d at 320-21.

In the absence of a prosecution for an offense committed by one spouse against the other, the statutory exception to spousal privilege contained in Code § 19.2-217.2 is inapplicable. Therefore, Mrs. Creech was incompetent to testify against her husband.

Accordingly, we will reverse the conviction and remand the case for a new trial.

*Reversed and remanded.*