COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Elder and Fitzpatrick
Argued at Richmond, Virginia


GILL FREDERICK LIVINGSTON
                                            OPINION BY
v.       Record No. 2061-94-2      JUDGE JOHANNA L. FITZPATRICK
                                         FEBRUARY 13, 1996
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                      William R. Shelton, Judge

             J. W. Harman, Jr. (Harman and Harman, P.C.,
             on brief), for appellant.

             Richard H. Rizk, Assistant Attorney General
             (James S. Gilmore, III, Attorney General;
             Leah A. Darron, Assistant Attorney General,
             on brief), for appellee.


     Gill F. Livingston (appellant) was convicted in a jury trial

of possession of marijuana in violation of Code § 18.2-250.1.  On

appeal, he argues that the trial court erred in:  (1) denying his

motion to suppress the drugs seized from his home because the

warrant to search his home was issued based upon information

provided by his wife; and (2) refusing to impanel a new jury for

sentencing when the Commonwealth's attorney made an improper

comment during closing argument.  For the reasons that follow, we

affirm the trial court.

                            **BACKGROUND**

     Appellant and his wife, Susan Livingston, separated in 1992.

 On March 4, 1994, Mrs. Livingston initiated contact with Officer

Brian C. Smith (Smith) of the Chesterfield Police Department and

informed him that she saw marijuana and cocaine in the marital

residence, where appellant was living. As a result of this information, Officer Smith brought Mrs. Livingston before a magistrate who issued a search warrant for appellant's home based upon her observations. Officer Smith executed the warrant and found loose marijuana, cocaine residue, and drug paraphernalia. Appellant admitted that he owned the drugs. Appellant was charged with misdemeanor possession of marijuana in violation of Code § 18.2-250.1 and felony cocaine possession in violation of Code § 18.2-250. Before trial, appellant moved to suppress the drugs, arguing that the search warrant violated the marital privilege of Code § 19.2-271.2 because it was based upon Mrs. Livingston's testimony. The trial court denied the motion.

In a bifurcated jury trial on October 18, 1994, appellant was convicted of the misdemeanor marijuana charge, but was acquitted of the felony cocaine charge. Before the sentencing phase of the trial, the Commonwealth attempted to introduce appellant's prior drug conviction. Appellant objected, arguing that his prior criminal record was only admissible for sentencing purposes in a felony case. The trial court sustained his objection. In closing argument on sentencing, however, the Commonwealth's attorney asked for the maximum punishment and referred to appellant as an "admitted drug dealer." Appellant objected, and the trial court immediately instructed the jury to disregard the statement. After the jury retired to deliberate, appellant asked the court to impanel a new jury for sentencing

2

and argued: "When the Commonwealth interjected a convicted drug dealer into this, they got through the back door what they couldn't get through the front." Appellant did not request a mistrial or any relief other than a new sentencing jury. The trial judge denied the motion and stated: "I don't think [the Commonwealth's attorney] deliberately did that, so I've instructed the jury to disregard it." The jury sentenced appellant to the maximum punishment for possession of marijuana-- thirty days in jail and a $500 fine.

### MARITAL PRIVILEGE

Appellant argues that the trial court erred in denying his motion to suppress the drugs seized from his residence. He contends that the search warrant, based on his wife's observations, was issued in contravention of the marital privilege protection of Code § 19.2-271.2. The issue of whether the marital privilege extends to information provided by a spouse to a magistrate is one of first impression in the Commonwealth.

"On appeal, the burden is on appellant to show, considering the evidence in the light most favorable to the Commonwealth, that the denial of the motion to suppress constituted reversible error." Arnold v. Commonwealth, 17 Va. App. 313, 317, 437 S.E.2d 235, 238 (1993). "Code § 19.2-271.1 provides that husbands and wives are competent witnesses to testify for or against each other in criminal cases except as otherwise provided [in Code § 19.2-271.2]." Brown v. Commonwealth, 223 Va. 601, 606, 292

3

S.E.2d 319, 322 (1982). Code § 19.2-271.2 provides as follows:

> In criminal cases husband and wife shall be allowed, and, subject to the rules of evidence governing other witnesses and subject to the exception stated in § 8.01-398, may be compelled to testify in behalf of each other, but neither shall be compelled, nor, without the consent of the other, allowed, to be called as a witness against the other, except (i) in the case of a prosecution for an offense committed by one against the other or against a minor child of either, (ii) in any case where either is charged with forgery of the name of the other or uttering or attempting to utter a writing bearing the allegedly forged signature of the other or (iii) in any proceeding relating to a violation of the laws pertaining to criminal sexual assault (§§ 18.2-61 through 18.2-67.10), crimes against nature (§18.2-361) involving a minor as a victim and provided the defendant and the victim are not married to each other, incest (§ 18.2-366), or abuse of children (§§ 18.2-370 through 18.2-371). The failure of either husband or wife to testify, however, shall create no presumption against the accused, nor be the subject of any comment before the court or jury by any attorney.

> In the prosecution for a criminal offense as set forth in (i), (ii) or (iii) above, each shall be a competent witness except as to privileged communications.

(Emphasis added.) See Creech v. Commonwealth, 242 Va. 385, 386, 410 S.E.2d 650, 651 (1991). "The privilege of an accused to prevent his spouse from testifying against him is determined at the time of trial and depends upon the couple being validly married at that time." Stewart v. Commonwealth, 219 Va. 887, 891, 252 S.E.2d 329, 332 (1979) (emphasis added). The Commonwealth's attorney has "'the burden of first obtaining the

4

consent of the accused husband before it will be allowed to call the wife as a witness against him.'"  Brown v. Commonwealth, 208 Va. 512, 516, 158 S.E.2d 663, 667 (1968) (quoting Wilson v. Commonwealth, 157 Va. 962, 968, 162 S.E. 15, 16 (1932)).

In determining whether the marital privilege of Code § 19.2-271.2 applies to information provided in a police investigation, we must first determine the scope of the legislature's directive that the privilege applies only in a "criminal case."  To do so, we must "view the entire body of legislation and the statutory scheme to determine the 'true intention of each part.'  In construing statutes, courts should give the fullest possible effect to the legislative intent embodied in the entire statutory enactment."  Virginia Real Estate Bd. v. Clay, 9 Va. App. 152, 157, 384 S.E.2d 622, 625 (1989) (citation omitted), appeal dismissed, 398 S.E.2d 78 (Va. 1990).  "'Words in a statute are to be construed according to their ordinary meaning, given the context in which they are used.'"  City of Virginia Beach v. Board of Sup'rs of Mecklenburg County, 246 Va. 233, 236, 435 S.E.2d 382, 384 (1993) (quoting Grant v. Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982)).

The Supreme Court of Virginia, in addressing this specific statute, held that "'[t]estimonial exclusionary rules and privileges,' which impair the right of the public to have all relevant evidence introduced in the fact-finding process, should

5

be strictly construed." Brown, 223 Va. at 606, 292 S.E.2d at 322

(quoting Trammel v. United States, 445 U.S. 40, 50 (1980)).

"Code § 19.2-271.1 should be given a reasonable construction. It

is not a penal statute that must be construed strictly against

the Commonwealth." Brown, 223 Va. at 606, 292 S.E.2d at 322.

The marital privilege of Code § 19.2-271.2 prevents spousal

testimony against an accused only "[i]n criminal cases."

(Emphasis added.) Whether pretrial investigative information or

testimony given by one spouse against the other is included in

the prohibition of Code § 19.2-271.2 is the determinative issue

in the instant case.

The context of the phrase "criminal cases" indicates that

the legislature intended for the marital privilege of Code

§ 19.2-271.2 to apply in an adversarial trial proceeding. Code

§ 19.2-271.2 lists several exceptions to the general rule that an

accused's spouse may not be called as a witness against him

without his consent. These exceptions use the terms

"prosecution," "case," and "proceeding" to describe situations in

which an accused's spouse may testify against him. By using

these terms interchangeably, the legislature thus defined

"criminal cases" as "prosecutions" and "proceedings" and did not

intend to include criminal investigation. Additionally, Code

§ 19.2-271.2 provides that "[t]he failure of either husband or

wife to testify . . . shall create no presumption against the

accused, nor be the subject of any comment before the court or

6

jury by any attorney."  (Emphasis added.)  This language clearly contemplates an adversarial proceeding such as a preliminary hearing or trial, not pretrial criminal investigation by the police.  Furthermore, case law interpreting the marital privilege of Code § 19.2–271.2 has dealt only with a trial.  See, e.g., Creech, 242 Va. at 386, 410 S.E.2d at 651 (trial); Stewart, 219 Va. at 891, 252 S.E.2d at 332 (trial); Jenkins v. Commonwealth, 219 Va. 764, 767, 250 S.E.2d 763, 765 (1979) (trial).

Although no Virginia case specifically defines "criminal case," we hold that the plain meaning of Code § 19.2–271.2 is that the marital privilege contained therein applies only during an adversarial proceeding such as a preliminary hearing or trial.  At the time Mrs. Livingston provided information to Officer Smith and the magistrate for the search warrant, only a criminal investigation had been initiated, not a "criminal case."  The "criminal case" contemplated by Code § 19.2–271.2 would encompass only potential testimony of Mrs. Livingston at the trial on the misdemeanor marijuana possession charge and at the preliminary hearing and trial on the felony cocaine charge.  Thus, in the instant case, the trial court did not err in denying appellant's motion to suppress the drugs seized from his home.

### CLOSING ARGUMENT BY COMMONWEALTH'S ATTORNEY

Appellant next argues that the trial court erred in denying his motion to impanel a new jury for sentencing after the Commonwealth's attorney referred to him in closing argument as an

7

"admitted drug dealer."  We disagree.

Code § 19.2-295.1 requires a bifurcated trial in felony cases, in which the same jury determines the guilt and punishment of a defendant in separate proceedings.  Although appellant was not convicted of the felony of cocaine possession in this case, he was tried according to the bifurcated trial statute, and a separate sentencing proceeding was held.[1]  Appellant did not request a mistrial or other appropriate relief, and impanelling a new jury was not a proper remedy.

"Even if the argument were to be considered improper or irrelevant, it was cured by the trial court's cautionary instruction . . . ."  Hernandez v. Commonwealth, 15 Va. App. 626, 636, 426 S.E.2d 137, 143 (1993).  "A judgment will not be reversed for the improper admission of evidence that a court subsequently directs a jury to disregard because juries are presumed to follow prompt, explicit, and curative instructions." Beavers v. Commonwealth, 245 Va. 268, 280, 427 S.E.2d 411, 420 (1993), cert. denied, 114 S. Ct. 171 (1993).  In the instant case, although the Commonwealth's attorney referred to a fact not in evidence during closing argument, the trial judge immediately issued a broad cautionary instruction.  Appellant failed to show that the Commonwealth's attorney's improper comment prejudiced the jury against appellant or that the jury disregarded the

---

[1]Appellant raised no objection to the use of the bifurcated procedure on the misdemeanor charge.

8

court's instruction.  Thus, we hold that the trial judge did not err in refusing to impanel a new jury for sentencing purposes.

Accordingly, the decision of the trial court is affirmed.

<u>Affirmed</u>.