865 F.2d 1259
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James M. MOTON, Plaintiff-Appellant,
v.
L.L. WIGGINS, Jr., Officer; Smithfield Police Department,
Defendants- Appellees,
and
Wayne B. Morris, Magistrate, Defendant.
 No. 88-3153.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 28, 1988.
Decided: Dec. 30, 1988.
Rehearing and Rehearing In Banc Denied Feb. 15, 1989.
 
 James M. Moton, appellant pro se.
 James Walter Hopper (Parvin, Wilson, Barnett & Hopper), for appellee.
 Before MURNAGHAN and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 James M. Moton appeals the district court's grant of summary judgment in favor of defendant Officer L.L. Wiggins and dismissal of defendant Smithfield Police Department in Moton's 42 U.S.C. Sec. 1983 action for harassment. We affirm.
 
 
 2
 On January 21, 1987, at approximately 2:00 a.m., Officer L.L. Wiggins of the Smithfield Police Department observed an automobile driven by Moton which had a broken taillight. According to Wiggins, Moton was driving recklessly; Moton denies this allegation. Wiggins stopped Moton and asked him to get out of the automobile. Moton complied.
 
 
 3
 Wiggins noticed what he believed was the odor of alcohol and marijuana on Moton. He asked Moton whether he had been drinking, and Moton stated that he had consumed one beer. Wiggins requested that Moton take an alcosensor test, but Moton refused to do so without witnesses present. Wiggins arrested Moton and took him to the police department. Wiggins obtained warrants for Moton's arrest on charges of reckless driving, driving while intoxicated, and driving a vehicle with defective equipment. Moton was given an alcosensor test at the police station approximately one hour after he was stopped by Wiggins, and the test showed a blood alcohol level of 0.00%.
 
 
 4
 Moton entered a guilty plea on the charge of driving a vehicle with defective equipment. The prosecutor nolle prosequied the other charges. Moton was fined $15 plus costs.
 
 
 5
 Moton contends that his arrest was unlawful and that he is entitled to damages from Wiggins under 42 U.S.C. Sec. 1983. Wiggins would only be liable for damages under this section if he had arrested Moton without probable cause. Baker v. McCollan, 443 U.S. 137, 143-47 (1979); Street v. Surdyka, 492 F.2d 368, 374 (4th Cir.1974). Wiggins had probable cause to stop Moton because Moton committed at least one violation of the motor vehicle code in Wiggins's presence, that of driving a vehicle with defective equipment. Delaware v. Prouse, 440 U.S. 648, 660 (1979). Wiggins also had probable cause to request the alcosensor test because Moton admitted to having consumed alcohol, and because Wiggins detected the odor of alcohol on Moton. Wohlford v. Commonwealth, 3 Va.App. 467, 472, 351 S.E.2d 47, 49 (1986). When Moton refused to take the test at the scene, Wiggins had no choice but to bring Moton to the station for testing, and once there he obtained warrants for Moton's arrest. Because Wiggins had probable cause to stop Moton and to arrest him, Moton cannot maintain an action against Wiggins for illegal arrest or harassment pursuant to 42 U.S.C. Sec. 1983. Therefore, the summary judgment on Moton's claim against Wiggins was proper.
 
 
 6
 Moton also contends that the Smithfield Police Department had established a pattern of harassment directed towards him. This pattern is alleged to be comprised of the January 21, 1987, incident, along with four other incidents which allegedly occurred between 1985 and 1987. These incidents included confiscation of Moton's personal money bag, which was later released to him; harsh words spoken by the police chief to Moton; a previous alcosensor test administered by other police officers; and a previous arrest for operating a vehicle with defective equipment.
 
 
 7
 A pattern of harassment by a police department against an individual, if proved, is actionable under 42 U.S.C. Sec. 1983. Shaw v. California Dep't of Alcoholic Beverage Control, 788 F.2d 600, 610 (9th Cir.1985). This cause of action may only be established by showing that the police officers responsible for depriving an individual of his constitutional rights over a period of time acted according to the official policy of the department; the department may not be liable for the acts of its officers on a respondeat superior theory. Monell v. Department of Social Services, 436 U.S. 658 (1978).
 
 
 8
 Moton has not established the existence of a Smithfield Police Department policy to harass him or deprive him of constitutional rights. Indeed, the violations alleged to have been committed do not rise to the level of a constitutional deprivation. Therefore, the district court's dismissal of the police department as a party defendant was proper.
 
 
 9
 Because we find no error in the orders of the district court, we affirm. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 10
 AFFIRMED.