## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

    v.

Warner

September 27, 1989

Case No. (Criminal) 6347

By JUDGE THOMAS D. HORNE

This matter came before the Court on an appeal from the General District Court. Mr. Warner is charged with the unreasonable refusal to permit the taking of a blood or breath sample after being arrested for a violation of Section 18.2-266, Code of Virginia, as amended. Section 18.2-268, Code of Virginia, as amended. He entered a plea of not guilty to the charge.

While on duty as a deputy sheriff with the Loudoun County Sheriff's Department, Ronald Gibson, acting upon a radio message, fell in behind a vehicle which he suspected to have been involved in an abduction and followed it to a point where it came to a stop. After the Defendant had exited his vehicle, he was temporarily detained by Deputy Gibson while they awaited the arrival of the Herndon police. The Herndon police initiated the radio lookout. Until the arrival of the Herndon police, the Defendant was detained solely upon the suspicion of the officer as to his involvement in the abduction. While the initial detention of the Defendant might be said to have been a limited "investigative stop," his restraint by the officer later gave rise to an arrest. *Cf. Lemonica v. Commonwealth,* 7 Va. App. 416 (1988). This arrest preceded his subsequently being charged and detained for driving under the influence. *Florida v. Royer,* 460 U.S. 491 (1983).

After the police had arrived and the Defendant had been absolved of any wrongdoing in connection with the abduction, Deputy Gibson offered the Defendant the field sobriety test provided for in Section 18.2-267(a), Code of Virginia, as amended. This test indicated the absence of alcohol in the blood of the Defendant. Deputy Gibson informed the Defendant that the testing device had not functioned properly during the first test and requested that he take the field test again. The Defendant refused to take the field test again and, after being advised of the implied consent law, refused the breath or blood test as provided by statute. No explanation was offered in the record as to why the field testing device had failed to operate properly.

While the results of the preliminary test (or the refusal to take such test) are not admissible in evidence in any prosecution under § 18.2-266, this test serves the purpose of permitting a preliminary analysis of the alcohol content of the blood of a person suspected of violating the provisions of Section 18.2-266; Section 18.2-267(e), Code of Virginia, as amended. Thus:

> By providing an immediate chemical test at the scene, the suspected driver and suspecting officer are provided an impartial arbitrator, and whether the suspicion of driving under the influence is well grounded, is made clear for the benefit of both. *Wohlford v. Commonwealth*, 3 Va. App. 467, 471 (1988).

Under the totality of the circumstances of this case, the Court cannot conclude that it was unreasonable for the Defendant to challenge his continued detention after the administration of the preliminary screening test. Having been arrested and then released as a suspicious person, he was offered a test which negated probable cause for a second arrest for driving under the influence. While there were signs of intoxication about the Defendant, these did not lead to his arrest until after he had been absolved of any wrongdoing in the abduction. Accordingly, the Defendant will be found *not guilty*.