## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Roger G. Kidd

### Case No. (Criminal) 081583

BY JUDGE F. BRUCE BACH

May 18, 1994

This matter came before the Court for trial on April 21, 1994. At that time, counsel for Mr. Kidd moved to suppress the blood test results and to dismiss the Driving Under the Influence charge. The motion to suppress is denied, and the Defendant is found guilty.

Pursuant to § 19.2-187, certificates of analysis from the Division of Forensic Science must be "duly attested" by the person who performed the analysis. Va. Code § 19.2-187 governs the admissability of a certificate of blood analysis in a DUI case over the Defendant's hearsay objection. *Basfield v. Commonwealth of Virginia*, 11 Va. App. 122 (1990) (both the implied consent provisions of the Code and § 19.2-187 are applicable, as they are not inconsistent). Absent legislative clarification, the Commonwealth must strictly comply with all the requirements set forth in § 19.2-187.

The Certificate of Analysis submitted by the Commonwealth in this matter is signed by the analyst, and Defendant contends that the signature alone is insufficient to indicate attestation. To attest to an instrument is to sign with the purpose of witnessing or proving and identifying it. *Ferguson v. Ferguson*, 187 Va. 581, 591 (1948). A formal attestation is not required to establish an intent to witness under Virginia law. *Id.* The signature of the analyst alone certifies the genuineness of the certificate of analysis. *Commonwealth v. Bishop*, 32 Va. Cir. 224 (1993) (citing *1991 Opinions of the Attorney General*, pp. 138-139). Accordingly, the Court

finds that the analyst's signature both provides the identification required under § 18.2-268.7 and serves as an attestation as required under § 19.2-187. Defendants motion to suppress is denied.

June 22, 1994

The Defendant came before this Court for sentencing on May 27, 1994. At that time Defendant moved the Court to reconsider its determination of guilt and to continue sentencing. The Court granted the Motion to Reconsider and took under advisement the admissibility of the preliminary breath test administered pursuant to § 18.2-267 to establish probable cause and whether the law enforcement officer's failure to advise the Defendant of his rights under Va. Code § 18.2-267(F) resulted in an illegal arrest.

A law enforcement officer may find probable cause to arrest a suspect when a preliminary breath test administered pursuant to § 18.2-267 is positive. The language of § 18.2-267(A) states that the suspect is "entitled" to the preliminary breath test "if such equipment be available." It thereby grants a suspect the privilege to submit to a preliminary test and possibly avoid arrest. *1981-82 Ops. Att'y Gen.*, p. 124 (1982). The intent of the General Assembly in formulating this procedure was "to make available to the motorist, and to the law enforcement officer, a quick method of determining whether an arrest should be made for alcohol intoxication." *Id.* The provision is unambiguous and leaves no room to infer that the preliminary breath test results could be used only to the suspect's benefit. Rather, the preliminary breath test provided for in § 18.2-267 is one of several tools available to law enforcement personnel for determining whether there is probable cause for an arrest. *Id.*

The Commonwealth's failure to elicit testimony as to whether the law enforcement officer advised the Defendant of his rights under § 18.2-267(F) does not render the result inadmissable for the purpose of establishing probable cause. "The lack of specific sanctions for failure to comply with [§ 18.2-267(F)] . . . evinces clear legislative intent that the failure to comply . . . does not, standing alone, invalidate the arrest or render the subsequently administered blood or breath test inadmissable." *Wohlford v. Commonwealth*, 3 Va. App. 467, 471 (1986).

The preliminary breath test result was properly admitted to establish probable cause against Mr. Kidd. The Defendant's conviction stands and sentencing remains set for June 24, 1994, at 10:00 a.m.