COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Coleman and Elder
Argued at Salem, Virginia


RODNEY DALE JONES
                                            OPINION BY
v.        Record No. 2836-97-3    JUDGE SAM W. COLEMAN III
                                          JANUARY 12, 1999
TOWN OF MARION

             FROM THE CIRCUIT COURT OF SMYTH COUNTY
                    Charles H. Smith, Jr., Judge

        Sage B. Johnson for appellant.

        Charles F. Lincoln for appellee.


     Rodney Dale Jones appeals his conviction of driving under

the influence in violation of Code § 18.2-266.  Jones contends

the trial court erred in denying his motion to strike because (1)

the arresting officer failed to offer him a preliminary breath

analysis pursuant to Code § 18.2-267, and (2) the arresting

officer failed to bring him before a magistrate to determine

probable cause as required by Code § 19.2-82.  Finding no

reversible error, we affirm.

                        BACKGROUND

     Officer Henderson observed Jones's van straddle the center

line and, despite oncoming traffic, turn from a left turn lane

without a green arrow.  Henderson pulled Jones over, after which

Jones opened the door and began to fall out of his van.

Henderson caught Jones to stop his fall.  Jones smelled of

alcohol and was not able to stand.  Henderson testified that

Jones appeared physically unable to perform any field sobriety

tests, including a preliminary breath analysis; accordingly, Henderson did not offer him the preliminary test. Henderson arrested Jones at the scene and transported him to jail where another officer administered a breathalyzer test that registered a 0.27 percent blood alcohol level. Thereafter, Henderson, without Jones present, obtained a warrant from a magistrate and later served the warrant upon Jones. After the breathalyzer test, Jones appeared briefly in the presence of the magistrate while the administering officer submitted the results of the breathalyzer test to the magistrate. Apparently, the arresting officer, Jones, and the magistrate were at no time simultaneously in each other's presence.

## ANALYSIS

On appeal, we view the evidence in the light most favorable to the prevailing party, granting to it all reasonable inferences fairly deducible therefrom. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). We defer to the trial court's findings of fact unless plainly wrong; however, we review de novo the trial court's legal conclusions and the application of legal principles to those facts. See Timbers v. Commonwealth, 28 Va. App. 187, 193-94, 503 S.E.2d 233, 235-36 (1998).

### Preliminary Breath Analysis

Jones argues that because Henderson did not offer him a preliminary breath analysis as required by Code § 18.2-267, the

trial judge should have granted his motion to strike the evidence. "Any person who is suspected of a violation of [Code] § 18.2-266 or [Code] § 18.2-266.1 shall be entitled, if such equipment is available, to have his breath analyzed to determine the probable alcoholic content of his blood." Code § 18.2-267. "[T]his Code section provides a mechanism to resolve a potential on-the-scene dispute between the police and the accused concerning the alcoholic content of the blood of the accused. It is, however, a purely voluntary mechanism and no penalties attach to a refusal to submit to these tests." Farmer v. Commonwealth, 12 Va. App. 337, 343, 404 S.E.2d 371, 374 (1991) (Koontz, C.J., dissenting). Henderson did not offer the preliminary test to Jones.

The dispositive question is whether failure to offer the preliminary breath test is grounds for reversal. In Wohlford v. Commonwealth, 3 Va. App. 467, 351 S.E.2d 47 (1986), we considered whether a failure to inform the accused of his right to refuse the preliminary breath test prior to administering the test invalidated the arrest. In Wohlford, the officer informed the suspect of the right to a preliminary breath test but did not inform the accused he could refuse the test. We noted in Wohlford that even without the results of a preliminary breath analysis the arresting officer had probable cause to arrest the defendant. Therefore, despite the officer's not informing the accused that he could refuse the test, the trial court properly

refused to suppress the fruits of that arrest.  See id. at 471-72, 351 S.E.2d at 49-50.

Jones correctly contends that the facts and issue in Wohlford are clearly distinguishable from the facts and issue in the present case.  In Wohlford, the arresting officer administered the preliminary test, albeit without informing the accused of his right to refuse; Henderson neither informed Jones of his right to have the test nor administered the test. Wohlford states, although perhaps in dictum, that even disregarding the preliminary breath test results, the officer had probable cause to arrest.  The function of the preliminary breath test under Code § 18.2-267 is to provide an independent means to determine and resolve questions concerning probable cause, but it does not supplant other methods for a police officer to determine probable cause.  Here, the record establishes that Henderson had sufficient probable cause to arrest Jones without the preliminary test.  Jones's erratic driving, the odor of alcohol upon him, and the fact that he fell from the van and was not able to stand created sufficient probable cause for the arrest for driving while intoxicated.

Jones also argues that he was constitutionally prejudiced by not having the preliminary breath test administered because he was denied evidence that may have tended to corroborate his testimony contesting the breathalyzer test results.  The argument fails because the statute expressly provides that the results of

the preliminary breath test are not admissible "in any prosecution under [Code] § 18.2-266 or [Code] § 18.2-266.1," but are intended instead to resolve disputes at the scene regarding probable cause to arrest. Code § 18.2-267(E). Therefore, Henderson's failure to comply with Code § 18.2-267 does not invalidate Jones's arrest.

<u>Post-Arrest Probable Cause Determination</u>

Jones contends that Henderson's failure to bring him before a magistrate and to follow proper procedure for having a judicial officer determine probable cause after a warrantless arrest constitutes reversible error. Code § 19.2-82 dictates that a "[p]erson arrested without a warrant shall be brought forthwith before a magistrate" to determine whether probable cause exists. The statute contemplates either a personal appearance or an electronic appearance "in order that the accused and the arresting officer may simultaneously see and speak to such magistrate." Code § 19.2-82.[1] Jones argues that Henderson's failure to "present" Jones to the magistrate face-to-face, either physically or through electronic means, violated the statute and deprived him of the statutorily required probable cause determination.

---

[1]Although the statute requires that the arresting officer and the accused appear together before the magistrate, the parties' emphasis on the word "simultaneously" is misplaced. As used in this section, and Code § 19.2-3.1, "simultaneously" modifies "see and speak." Nevertheless, the statute provides that the accused "shall be brought forthwith before a magistrate . . . who shall proceed to examine the officer making the arrest under oath."

The statute directs that when a police officer arrests without a warrant, the officer shall take the accused before a magistrate "who shall proceed to examine the officer making the arrest under oath." However, procedural violations of Code § 19.2-82 require the exclusion or suppression of evidence only when the violation has infringed upon an accused's constitutional rights. For example, in cases where the arresting officers have delayed in bringing an accused before a magistrate, unless the delay has deprived the accused of exculpatory evidence, the subsequent conviction has been affirmed. See, e.g., Frye v. Commonwealth, 231 Va. 370, 376, 345 S.E.2d 267, 273 (1986) (stating that violation of the code provision "reaches a constitutional dimension only if it results in the defendant's loss of exculpatory evidence"); Horne v. Commonwealth, 230 Va. 512, 518-19, 339 S.E.2d 186, 191 (1986) ("[o]nly in a situation where the delay in taking a suspect before a magistrate resulted in the loss of exculpatory evidence have we concluded that the defendant's due process rights were violated and reversed his conviction"); Holt v. City of Richmond, 204 Va. 364, 368, 131 S.E.2d 394, 397 (1963) (stating that failure to follow the statute's procedure will not necessarily result in invalidating the conviction); McHone v. Commonwealth, 190 Va. 435, 444, 57 S.E.2d 109, 114 (1950) (stating that an officer's procedural error should not deprive the Commonwealth of enforcing penal laws unless the error invades the defendant's constitutional rights);

<u>Winston v. Commonwealth</u>, 188 Va. 386, 396, 49 S.E.2d 611, 616 (1948) (reversing because, as a result of his illegal detention, the defendant was forever deprived of material and possibly exculpatory evidence); <u>see</u> <u>also</u> <u>Thompson v. Commonwealth</u>, 10 Va. App. 117, 122, 390 S.E.2d 198, 202 (1990) (finding that an arrest in violation of a state statute does not require that a confession obtained thereafter be suppressed).

Undeniably, Jones's probable cause determination did not adhere to the procedure set forth in Code § 19.2-82 because Officer Henderson did not take Jones before a magistrate "who . . . proceed[ed] to examine . . . [Henderson] under oath." The two did not appear together before the magistrate. While this statutory violation differs from the delay or procedural irregularities in the foregoing cases, the procedural violation here similarly does not constitute reversible error because it did not deny Jones due process of law. The procedural violation alone of Code § 19.2-82 is not reversible error unless it results in infringement of a constitutional right.

The Fourth Amendment requires that after a warrantless arrest and before a suspect is subject to extended pretrial custody, a judicial officer must make an <u>informal</u> determination of probable cause. <u>See</u> <u>Gerstein v. Pugh</u>, 420 U.S. 103, 113-14 (1975). However, this constitutional requirement does not mandate a personal appearance of the accused at the probable cause determination and certainly does not require that the

accused and arresting officer appear together before the

magistrate.  See King v. Jones, 824 F.2d 324, 326-27 (4th Cir.

1987).

> The post-arrest Gerstein v. Pugh hearing is
> required to fulfill the same function for
> suspects arrested without warrants as the
> pre-arrest probable cause hearing fulfills
> for suspects arrested with warrants.  One who
> has had an arrest warrant issued before his
> arrest has had no opportunity to appear
> physically before the issuing magistrate
> during the probable cause determination.
> There is likewise no reason to require such
> an appearance at the post-arrest probable
> cause determination.

Id.

Despite no constitutional requirement that an accused appear

personally at the probable cause hearing or that the arresting

officer and accused appear together before a magistrate, the

General Assembly adopted those requirements when it enacted Code

§ 19.2-82.  The salutary purpose of this provision is to

facilitate the magistrate's probable cause determination by

having the accused, who is required to be brought "forthwith"

before a magistrate, and the arresting officer appear at the same

time in order to avoid unnecessary delay and any confusion

arising from a magistrate's piecemeal inquiry.  Contrary to

Jones's claim and the Town of Marion's concurrence, the provision

of Code § 19.2-82 that arresting officer and accused appear

together does not require that the magistrate's probable cause

determination be an adversarial hearing.

Jones makes no claim that Henderson's failure to bring him

- 8 -

before the magistrate deprived him of exculpatory evidence.  He claims, however, that compliance with the statutory requirement of bringing him before the magistrate was a critical part of the evidentiary probable cause determination and that the magistrate's opportunity to observe him was "even more necessary" because "the alleged amount of alcohol and the accused's demeanor [were] important aspects of the case."

The record shows that Jones was in the presence of the magistrate briefly when the breathalyzer operator gave the magistrate the breathalyzer test results.  However, we need not determine whether the accused's brief presence before the magistrate was sufficient to comply with the statutory requirement because Jones has failed to show that the omission prevented him from obtaining evidence or was otherwise prejudicial to him.  The record establishes that an officer administered a breathalyzer test shortly after Jones arrived at the police station and made the result available to the magistrate immediately thereafter.  Jones has failed to show that the procedural irregularity deprived him of exculpatory evidence or was otherwise prejudicial to him.

Accordingly, the trial court's conviction is affirmed.

<u>Affirmed.</u>