COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Bumgardner and Lemons
Argued at Salem, Virginia


BILLY ROGER WEAVER, JR.
                                              OPINION BY
v.   Record No. 0555-98-3        JUDGE SAM W. COLEMAN III
                                            APRIL 13, 1999
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF CARROLL COUNTY
                      Duane E. Mink, Judge

         Kimberly L. Osborne (Vaught & Loftin, on
         brief), for appellant.

         Kathleen B. Martin, Assistant Attorney
         General (Mark L. Earley, Attorney General, on
         brief), for appellee.


     Billy Roger Weaver was convicted in a bench trial of driving

while intoxicated in violation of Code § 18.2-266.  On appeal,

Weaver contends that his arrest, which occurred approximately 150

feet inside the North Carolina border, was invalid and therefore,

the trial judge erred by admitting into evidence the results of

his breath analysis.  Weaver asserts that the arrest was invalid

because the Virginia police officer failed to comply with North

Carolina Gen. Stat. § 15A-403,[1] which requires that a person

---

[1]      Any law-enforcement officer of a state
         contiguous to the State of North Carolina
         who enters this State in fresh pursuit and
         continues in this State in such pursuit of a
         person who is in immediate and continuous
         flight from the commission of a criminal

                                    Continued . . .

pursued and arrested in North Carolina for an offense committed in a neighboring state be taken before a North Carolina magistrate. Weaver asks us to hold, in this case of first impression, that the trial court should have suppressed the breath analysis because it was obtained as the result of an invalid arrest. We find that the arrest was valid; therefore, we affirm the conviction.

<u>BACKGROUND</u>

When State Trooper R.R. Campbell passed Weaver's oncoming vehicle at night in Carroll County, Weaver did not dim his high beam lights. Campbell turned, activated his blue lights and overtook Weaver's vehicle about a quarter mile from the North Carolina border. Initially, Weaver made no attempt to stop. When Weaver did stop his vehicle, he was approximately 150 feet into North Carolina. As Trooper Campbell approached the driver's window of the vehicle, he detected a strong odor of alcohol. Campbell noticed that Weaver's eyes were watery and glassy and he observed open beer containers in the car. Weaver stated that he

---

Continued . . .

offense, has the same authority to arrest and hold in custody such person on the ground that he has committed a criminal offense in another state which is a criminal offense under the laws of the State of North Carolina as law-enforcement officers of this State have to arrest and hold in custody a person on the ground that he has committed a criminal offense in this State.

-

had consumed three or four beers, the last of which had been about thirty minutes earlier.

After Weaver failed several field sobriety tests, Campbell arrested him at 10:20 p.m. for driving under the influence of alcohol in violation of Code § 18.2-266. Campbell returned to Virginia and took Weaver before a Virginia magistrate in Carroll County at 11:10 p.m. where he obtained a warrant for Weaver's arrest. After explaining to Weaver his rights under the Virginia implied consent statute, Code § 18.2-268.2, Campbell administered a breath test at 11:27 p.m., which registered a .11 percent alcohol level.

At trial, the court refused to suppress the breathalyzer certificate of alcohol analysis. The motion to suppress was based on Weaver's assertion that Trooper Campbell was required by the North Carolina statute to take Weaver before a North Carolina magistrate and because he failed to do so, the arrest was invalid.

## ANALYSIS

In reviewing a trial court's ruling on a suppression motion, we assess the evidence in the light most favorable to the prevailing party, and we refrain from disturbing the trial judge's decision unless plainly wrong. See Bynum v. Commonwealth, 23 Va. App. 412, 415, 477 S.E.2d 750, 752 (1996).

A police officer has authority to arrest within the jurisdiction in which the officer serves or within statutorily

-

defined extensions of that area.  See Neiss v. Commonwealth, 16

Va. App. 807, 809, 433 S.E.2d 262, 264 (1993).  Campbell, a

Virginia State Trooper, arrested Weaver in North Carolina,

outside the jurisdiction of Virginia.  However, a North Carolina

statute specifically authorizes a Virginia officer who is in

"hot pursuit" of a person suspected of committing a crime to

arrest the suspect in North Carolina.

> Any law-enforcement officer of a state
> contiguous to the State of North Carolina
> who enters this State in fresh pursuit and
> continues in this State in such pursuit of a
> person who is in immediate and continuous
> flight from the commission of a criminal
> offense, has the same authority to arrest
> and hold in custody such person on the
> ground that he has committed a criminal
> offense in another state which is a criminal
> offense under the laws of the State of North
> Carolina as law-enforcement officers of this
> State have to arrest and hold in custody a
> person on the ground that he has committed a
> criminal offense in this State.

N.C. Gen. Stat. § 15A-403(a) (1997).  Trooper Campbell began

pursuing Weaver in Virginia for failing to dim his headlights, a

traffic infraction proscribed by Code § 46.2-1034.  North

Carolina Gen. Stat. § 20-131 makes failing to dim headlights

when meeting on-coming traffic an infraction in North Carolina.

Virginia Code § 46.2-937 provides that traffic infractions in

Virginia are treated as misdemeanors for purposes of arrest.[2]

---

[2]North Carolina Gen. Stat. § 20-114 authorizes North
Carolina law enforcement officers to arrest individuals for

Continued . . .

Thus, because Campbell was pursuing Weaver for an offense deemed to be a criminal offense for arrest purposes in both Virginia and North Carolina, Campbell was acting within his authority as a police officer, and he had the right to stop and arrest Weaver in North Carolina. Campbell's investigation also revealed probable cause to arrest Weaver for driving while intoxicated, a criminal offense in violation of Code § 18.2-266 et seq.[3] Accordingly, Weaver's arrest for driving while intoxicated was valid.

The North Carolina statute, which appellant claims Trooper Campbell violated, further requires that the arresting out-of-state officer take the arrestee before a North Carolina judicial officer for a probable cause hearing to determine the lawfulness of the arrest. See N.C. Gen. Stat. § 15A-403(b).[4]

---

Continued . . .
violating various motor vehicle laws, including violations of N.C. Gen. Stat. § 20-131, failing to dim headlights.

[3]North Carolina Gen. Stat. § 20-138.1 makes driving while under the influence of an impairing substance a misdemeanor offense in North Carolina; similarly Code § 18.2-266 makes driving under the influence of intoxicants a misdemeanor offense in Virginia.

[4]N.C. Gen. Stat. § 15A-403(b) states:

> If an arrest is made in this State by a law-enforcement officer of another state in accordance with the provisions of subsection (a), he must, without unnecessary delay, take the person arrested before a judicial official of this State, who must conduct a

Continued . . .

Upon a finding that an arrest is lawful, the statute directs the judicial officer to release the arrestee on bail or to commit the arrestee to custody to await extradition.  See id.  Although Trooper Campbell failed to take Weaver before a North Carolina magistrate for a probable cause hearing, as required by North Carolina law, the irregularity in complying with that portion of the North Carolina statute does not invalidate Weaver's arrest and, thus, does not render the results of a blood or breath test inadmissible in a Virginia trial.

The admissibility of evidence is a procedural issue and is, therefore, governed by the law of the forum state.  See Jackson v. Commonwealth, 14 Va. App. 414, 416, 417 S.E.2d 5, 6 (1992).  "'Evidence obtained in violation of constitutional proscriptions against unreasonable searches and seizures may not be used against an accused.  However, our Supreme Court has steadfastly refused to extend that rule to encompass evidence seized pursuant to statutory violations, absent an express statutory provision for suppression.'"  See Janis v. Commonwealth, 22 Va. App. 646, 651, 472 S.E.2d 649, 652 (1996) (quoting Troncoso v. Commonwealth, 12 Va. App. 942, 944, 407 S.E.2d 349, 350 (1991)).

The officer's failure to comply with a North Carolina statute that requires the officer to take the arrestee before a

_____

Continued . . .
          hearing for the purpose of determining the
          lawfulness of the arrest.

-

North Carolina magistrate does not constitute a constitutional violation. Because Trooper Campbell had probable cause to arrest Weaver and promptly presented Weaver to a Virginia judicial officer for a probable cause determination after the warrantless misdemeanor arrest, Campbell made a valid arrest according to Virginia's requirements and did not violate relevant constitutional requirements. See Gerstein v. Pugh, 420 U.S. 103, 124-26 (1975). We hold that an officer's failure to comply with the North Carolina procedural statute directing that an out-of-state arrestee who has fled into North Carolina be taken before a North Carolina judicial officer does not require that a Virginia trial court suppress the results of a breath test which has been taken following a valid arrest and in accordance with Virginia's implied consent statute.

In order for the results of a blood or breath test to be admissible, Code § 18.2-268.2, the Virginia implied consent statute, requires that the arrest occur within two hours of the offense. See e.g., Overbee v. Commonwealth, 227 Va. 238, 242-43, 315 S.E.2d 242, 243-44 (1984); Thomas v. Town of Marion, 226 Va. 251, 254, 308 S.E.2d 120, 122 (1983); see also Castillo v. Commonwealth, 21 Va. App. 482, 486, 465 S.E.2d 146, 148 (1995); Durant v. City of Suffolk, 4 Va. App. 445, 448-49, 358 S.E.2d 732, 734 (1987). Here, Trooper Campbell complied with Virginia's implied consent statute by arresting Weaver within two hours from the time of the offense. The fact that Trooper

-

Campbell failed to comply with the provision in the North Carolina statute for taking the arrestee before a North Carolina magistrate does not render the arrest invalid in Virginia. Because the results of the breath test were taken in conformity with the requirements of Code § 18.2-268.2, the breath test results were admissible.

Accordingly, we uphold the trial court's refusal to suppress the breath analysis results, and we affirm the conviction.

Affirmed.
