## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

James M. Towarnicky

January 20, 2005

Case No. (Misd.) 30332

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before me on January 6, 2005, upon the defendant's Motion to Dismiss the speeding charge brought against him by a Fairfax County police officer. The defendant contends that, because he was not provided an immediate hearing upon his request pursuant to Virginia Code § 46.2-396, he is entitled to dismissal of the charge against him. The defendant stipulated that the Commonwealth's evidence, apart from the issue raised by the Motion to Dismiss, would be sufficient to find him guilty.

Virginia Code § 46.2-396 provides, in pertinent part, that a person issued a summons for a violation of the traffic code which is punishable as a misdemeanor has a right to an immediate hearing. The defendant here did request such hearing by noting it on the Virginia Uniform Summons of which both he and the officer had copies. However, I find that the infraction with which the defendant was charged is not punishable as a misdemeanor and, even if it were, the remedy for violation of the rights under this section is not dismissal of the charge.

Virginia Code § 46.2-100 defines a traffic infraction as a "violation of law punishable as provided in § 46.2-113, which is neither a felony nor a misdemeanor." Here, the defendant was charged with speeding under Fairfax County Code § 82-4-10 which tracks the language and substance of the comparable Virginia Code sections. Section 82-4-10 also states that one found guilty of violating the set speed limits is guilty of a misdemeanor "unless

otherwise provided by this Code or Code of Virginia, and upon conviction shall be punished as provided in section 82-1-35." Section 82-1-35 states that anyone found guilty of violating the regulations may be fined up to $200 and is guilty of a traffic infraction. This is the same punishment for speeding violations permitted under Virginia Code § 46.2-113.

Punishment by a fine of up to $200 is less than the potential punishment for even the lowest class of misdemeanor. A class 4 misdemeanor is punishable by a fine of up to $250. Therefore, punishment for speeding is not punishable as a misdemeanor and, therefore, § 46.2-936 does not apply.

Even if the rights of § 46.2-936 were implicated in this case, the appropriate remedy is not dismissal of the charge. The right of dismissal for government violation of the statute is not contained within the statute itself. There is a provision in the last paragraph of § 46.2-936 for consequences to an officer who violates the statute, but such violations do not result in dismissal.

The rights created by § 46.2-396 are statutory, not constitutional. Constitutional violations may well require dismissal of the charges for violations. However, Virginia law has consistently held that exclusion or dismissal is not the remedy for violations of statutory rights. For example, an officer's failure to take a defendant before a magistrate as required by § 19.2-76 was found to be a statutory, not a constitutional right, and, therefore, the exclusionary rule was not implicated. *Tharp v. Commonwealth*, 221 Va. 487, 270 S.E.2d 752 (1980). See also *Jones v. Town of Marion*, 28 Va. App. 791, 508 S.E.2d 921 (1999), where the failure of an officer to bring the accused before the magistrate was held to be a mere procedural violation and not one which required exclusion of evidence. Further, even an illegal arrest does not deprive the trial court of jurisdiction to convict the defendant; there may be evidence suppressed but the defendant may still be brought to trial. *United States v. Crews*, 445 U.S. 463, 63 L. Ed. 2d 537, 100 S. Ct. 1244 (1980).

For these reasons, the defendant's Motion to Dismiss is denied. I find the defendant guilty of speeding as charged and impose a $25 fine plus court costs.