# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Jamila Stewart

September 16, 2015

Case No. MI-2015-920

BY JUDGE JOHN M. TRAN

Defendant Jamila Stewart was arrested for driving while intoxicated. Prior to arresting her, the police officer administered a preliminary breath test ("PBT"). Defendant contends that the results from the PBT should be excluded from the Court's determination of probable cause because the police officer failed to advise her of the right to refuse under Va. Code § 18.2-267(F). At the suppression hearing, the Court denied Defendant's motion to exclude the PBT results, but invited the filing of a Motion for Reconsideration that specifically addressed the issue of whether there must be a remedy, specifically exclusion of the PBT results, whenever there is a violation of Va. Code § 18.2-267(F).

This Court holds that absent a constitutional violation, the remedy for a statutory violation must be enumerated by statute and not by judicial decree. No remedy exists for a stand-alone violation of § 18.2-267. In order to grant Stewart the remedy she seeks, this Court would have to write in a remedy that the Virginia General Assembly chose not to include. The Court declines the invitation to write in a remedy and, accordingly, denies Defendant's Motion for Reconsideration without a further hearing on the issue presented.

## I. *The Police Officer Had a Reasonable Suspicion To Stop the Defendant and Conduct Field Sobriety Tests*

The police officer had reasonable suspicion to stop Stewart and conduct field sobriety tests. A mere investigatory stop requires only a "reasonable suspicion" that criminal activity "may be afoot." *Raab v. Commonwealth,* 49 Va. App. 638, 642, 644 S.E.2d 78, 80, *on reh'g en banc,* 50 Va. App. 577, 652 S.E.2d 144 (2007). Similarly, an officer needs only a reasonable suspicion that the suspect was driving while intoxicated to conduct field sobriety tests. *See Wallace v. Commonwealth,* 32 Va. App. 497, 505, 528 S.E.2d 739, 742 (2000). "The likelihood of criminality 'need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard' applicable in other contexts." *Raab,* 49 Va. App. at 642, 644 S.E.2d at 80. "Generally an officer's observation that a car is weaving can justify a stop based on the officer's belief that the driver may be impaired." *United States v. Williams,* 945 F. Supp. 2d 665, 674 (E.D. Va. 2013); see also *United States v. Gupta,* 2006 U.S. Dist. LEXIS 98255, 2006 WL 6093874 at *4 (E.D. Va. 2006) (weaving within lane provided reasonable suspicion that defendant was driving while under the influence of alcohol); *Freeman v. Commonwealth,* 20 Va. App. 658, 661-62, 460 S.E.2d 261, 263 (1995) (slow speed and weaving by vehicle, coupled with officer's experience, provided reasonable suspicion for stop).

Here, the factual circumstances justified a reasonable suspicion that Defendant was driving while intoxicated. The police officer observed Defendant's vehicle weaving within its lane and speeding. The Commonwealth offered no definitive proof of speeding, for example, results from a radar/laser detector or VASCAR. The Court uses the police officer's personal observation of speeding as evidence towards a reasonable suspicion. This evidence was sufficient to establish the grounds necessary to stop Stewart. Upon speaking to her, the officer detected the odor of alcohol from her person. Defendant admitted that she had consumed alcohol earlier that day. That admission, as well as the observations of Defendant's driving, authorized the officer to conduct field sobriety tests to further investigate her condition. The results of the PBT ultimately led to probable cause to arrest Stewart for driving while intoxicated.

## II. *The PBT Results Furnished the Probable Cause for Defendant's Arrest*

Whether the police officer had probable cause to arrest Stewart for driving while intoxicated is a separate issue from whether the office had reasonable suspicion to stop the Defendant. "[P]robable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being

committed." *Jones v. Commonwealth*, 18 Va. App. 229, 231, 443 S.E.2d 189, 190 (1994) (quoting *Taylor v. Commonwealth*, 222 Va. 816, 820, 284 S.E.2d 833, 836 (1981), *cert. denied*, 456 U.S. 906, 102 S. Ct. 1753, 72 L. Ed. 2d 163 (1982)). In determining whether a police officer had probable cause to arrest a defendant, this Court "must consider the totality of the facts and circumstances presented and what those facts and circumstances reasonably meant to a trained police officer." *Jones v. Commonwealth*, 279 Va. 52, 59, 688 S.E.2d 269, 273 (2010).

Absent the PBT results, the evidence, viewed from the totality of the circumstances, did not establish probable cause to arrest Stewart for driving while intoxicated. The officer recorded his encounter with Defendant by video. As a result, this Court was able to see for itself that Defendant kept her vehicle within its lane from the beginning of the recording. Further, this Court observed Defendant's performance on the field sobriety tests, as well as her demeanor. From the moment she exited her vehicle at the officer's request, Defendant did not exhibit physical signs of impairment. Her verbal responses to the officer were appropriate, and she passed the toe-to-heel test and one-leg-stand test. The only physical field sobriety test Defendant failed was the Horizontal Gaze Nystagmus test. Although the Court was not fully informed of the meaning of that test, this Court considered the results in its probable cause determination.

The Court accepts the circumstantial value and admissibility of the Horizontal Gaze Nystagmus test without the need for medical or scientific expertise. *See Commonwealth v. Daniels*, Case No. MI-2014-2385 (March 2015) (Tran, J.) (citing *United States v. Horn*, 185 F. Supp. 2d 530 (D. Md. 2002); *City of West Bend v. Wilkens*, 2005 WI App. 36, 278 Wis. 2d 643, 693 N.W.2d 324, 327 (Wis. App. 2005)).

After conducting three field sobriety tests, the police officer administered a PBT. Results from a PBT may be used to determine whether probable cause exists. "By providing in Code § 18.2-267 that the officer may charge an individual with driving while intoxicated on the basis of the results of a preliminary breath test, the legislature has recognized that [the preliminary breath test] is reasonably trustworthy to show that a person has consumed alcohol for purposes of determining whether probable cause exists to make an arrest." *Stacy v. Commonwealth*, 22 Va. App. 417, 421, 470 S.E.2d 584, 586 (1996) (citing Va. Code § 18.2-267(D)); see *Wohlford v. Commonwealth*, 3 Va. App. 467, 471, 351 S.E.2d 47, 49 (1986) ("By providing an immediate chemical test at the scene, the suspected driver and the suspecting officer are provided an impartial arbitrator and whether the suspicion of driving under the influence is well grounded is made clear for the benefit of both"). Based on Stewart's PBT results, the police officer had probable cause to arrest her for driving while intoxicated.

III. *Failure To Comply with Va. Code § 18.2-267 Does Not, Standing Alone, Result in Exclusion of the PBT Test*

Defendant argues that the PBT results should be excluded from the Court's probable cause determination because the police officer failed to notify her of the right to refuse to take the PBT. Defendant contends that a violation of Va. Code § 18.2-267(F) requires the exclusion of the PBT results. The Court cannot agree with this contention.

"[H]istorically, searches or seizures made contrary to provisions contained in Virginia statutes provide no right of suppression unless the statute supplies that right." *Commonwealth v. Brown*, 8 Va. App. 41, 43, 378 S.E.2d 623, 624 (1989). Evidence obtained in violation of constitutional proscriptions against unreasonable searches and seizures may not be used against an accused. *Weaver v. Commonwealth*, 29 Va. App. 487, 492, 513 S.E.2d 423, 426 (1999). "However, our Supreme Court has steadfastly refused to extend that rule to encompass evidence seized pursuant to statutory violations, absent an express statutory provision for suppression." *Id.*; *Troncoso v. Commonwealth*, 12 Va. App. 942, 944, 407 S.E.2d 349, 350 (1991). Further, the United States Supreme Court has expressly held that, "when States go above the Fourth Amendment minimum, the Constitution's protections concerning search and seizure remain the same." *Virginia v. Moore*, 553 U.S. 164, 173, 128 S. Ct. 1598, 1605, 170 L. Ed. 2d 559 (2008). Moreover, the Supreme Court has also acknowledged that "Virginia chooses to protect individual privacy and dignity more than the Fourth Amendment requires, but it also chooses not to attach to violations of its arrest rules the potent remedies that federal courts have applied to Fourth Amendment violations. *Id.* Thus, a police officer's violation of a Virginia statute does not, standing alone, require the suppression of evidence obtained pursuant to that statute. Accordingly, this Court must look to the text of Va. Code § 18.2-267 and other parts of the Code to determine whether the remedy sought by Stewart exists.

Va. Code § 18.2-267(C) states that "[a]ny person who has been stopped by a police officer . . . shall have the right to refuse to permit his breath to be so analyzed, and his failure to permit such analysis shall not be evidence in any prosecution for an offense listed in subsection A." A police officer "shall, upon stopping any person suspected of having committed an offense listed in subsection A, advise the person of his rights under the provisions of this section." Va. Code Ann. § 18.2-267(F). The statute is silent as to what should happen if an officer fails to follow the statute.

Under Va. Code § 18.2-268.11, the Virginia legislature addressed the admissibility of a chemical test under § 18.2-268.2 through § 18.2-268.9. Section 18.2-268.11 provides that "[t]he steps set forth . . . relating to taking, handling, identifying, and disposing of blood or breath samples are procedural and not substantive. Substantial compliance shall be sufficient." The statute goes further and allows a defendant to show prejudice of his

rights relating to the non-compliance. However, § 18.2-268.11 does govern the procedures under § 18.2-267.

Virginia's statute on the admissibility of certificates of analysis, § 19.2-187, sets conditions on the admissibility of certain laboratory tests in criminal hearings. Unlike § 19.2-187, Va. Code § 18.2-267 does not set conditions on the admissibility of the preliminary breath test. It is significant that, whenever the legislature provides a remedy or imposes a penalty for a violation of a statute, it says so.

The weight of authoritative and persuasive legal precedence convinces this Court to conclude that a violation of § 18.2-267(F) does not require the suppression or exclusion of evidence obtained under the statute, including the results of a PBT. In *Wohlford v. Commonwealth*, the Virginia Court of Appeals, in affirming a conviction for driving under the influence despite the officer's failure to fully comply with § 18.2-267(f), stated:

> We note that Code § 18.2-267(F) clearly reflects a legislative policy that law enforcement officers inform a suspect of his rights under this section. Yet the legislature has imposed no specific sanctions for failure to comply with the section. We conclude that the lack of specific sanctions for failure to comply with Code § 18.2-267(F), when read together with other provisions of the Code, evinces clear legislative intent that the failure to comply with Code § 18.2-267(F) does not, standing alone, invalidate the arrest or render the subsequently administered blood or breath test inadmissible. This conclusion is consistent with the purposes of the section and the overall statutory scheme.

3 Va. App. 467, 471, 351 S.E.2d 47, 49 (1986); *accord Jones v. Town of Marion*, 28 Va. App. 791, 794-95, 508 S.E.2d 921, 923 (1999); *Commonwealth v. Kidd*, 34 Va. Cir. 82 (Fairfax 1994) (Bach, J.).

The *Wohlford* court further held that the officer had adequate probable cause to arrest the defendant independently of the PBT results. *Wohlford*, 3 Va. App. at 471-72. Although the finding of independent probable cause in *Wohlford* distinguishes it from this case, this Court holds that the *Wohlford* court's determination of independent probable cause was dictum and not instructive of the issue here. *See Jones*, 28 Va. App. at 794 ("*Wohlford* states, although perhaps in dictum, that, even disregarding the preliminary breath test results, the officer had probable cause to arrest."). Accordingly, despite the lack of probable cause without the PBT results, the police officer's failure to comply with Va. Code § 18.2-267(F) does not invalidate Defendant's arrest.

## IV. *The Administering of the PBT Test Was a Reasonable Search under the Fourth Amendment*

Ultimately, the issue of whether the PBT results should be excluded from the Court's probable cause determination rests on whether the police officer violated Stewart's constitutional rights. The Fourth Amendment of the U.S. Constitution protects individuals from "unreasonable searches and seizures." This Court recognizes that "[s]ubjecting a person to a breathalyzer test, which generally requires production of alveolar or 'deep lung' breath for chemical analysis, implicates similar concerns about bodily integrity and, like the blood-alcohol test . . . should also be deemed a search [under the Fourth Amendment]." *Skinner v. Railway Labor Executives' Ass'n,* 489 U.S. 602, 616-17, 109 S. Ct. 1402, 103 L. Ed. 2d 639 (1989) (citations omitted). Thus, a police officer's administering a PBT constitutes a search. "Warrantless searches are *per se* unreasonable, subject to a few specifically established and well-delineated exceptions." *Megel v. Commonwealth,* 262 Va. 531, 534, 551 S.E.2d 638, 640 (2001). One exception to a warrantless search is voluntary consent, whether oral or in writing. *Commonwealth v. Rice,* 28 Va. App. 374, 378, 504 S.E.2d 877, 879 (1998) (citing *Bumper v. North Carolina,* 391 U.S. 543, 88 S. Ct. 1788, 20 L. Ed. 2d 797 (1968)). The burden rests with the Commonwealth to demonstrate that consent was "freely and voluntarily given." *Id.* "There is no constitutional requirement that a person's waiver of Fourth Amendment rights be knowing and intelligent." *United States v. Bullock,* 877 F. Supp. 270, 275 (E.D. Va. 1995) *aff'd,* 94 F.3d 896 (4th Cir. 1996). The "touchstone of the Fourth Amendment is reasonableness." *Florida v. Jimeno,* 500 U.S. 248, 250, 111 S. Ct. 1801, 1803, 114 L. Ed. 2d 297 (1991). Thus, the question of whether a particular "consent to a search was in fact voluntary or was the product of duress or coercion" is a question of fact to be determined from the totality of all the circumstances. *Rice,* 28 Va. App. at 378. "In assessing the totality of the circumstances, appropriate factors to consider include the characteristics of the accused (such as her age, maturity, education, intelligence, and experience) and the conditions under which the consent to search was given (such as the officer's conduct, the number of officers present, and the duration of the encounter)." *United States v. Tyson,* 360 F. Supp. 2d 798, 805 (E.D. Va. 2005). Importantly, the police need not warn the accused that he or she has a right to refuse the search, but the accused's knowledge of his or her right to refuse falls within the totality of the circumstances the Court must consider. *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973).

From this Court's video review of the encounter between the police officer and Defendant, it finds nothing to suggest that Defendant's consent to the PBT was given involuntary. Defendant was stopped by one police officer. Despite having called for backup, the video only shows one police officer in Defendant's immediate area. The officer's actions and demeanor

were appropriate at all times during the stop. There was no show of force by the police; there were no threats. Further, there is no evidence that Stewart suffered from diminished capacity. Moreover, it does not appear that the police officer was deceptive in administering the PBT. Unfortunately, when the officer asked Ms. Stewart to take the PBT, he failed to inform her that she had the right to refuse to take the preliminary breath test and that her refusal could not be held against her at trial. He explained only that the result of the preliminary breath test could not be used against her at trial, which while true, was incomplete. The officer's failure to inform Defendant of her right to refuse consent does not render the consent involuntary. Thus, the evidence, when viewed from the totality of all circumstances, establishes that Defendant freely and voluntarily consented to the PBT under Va. Code § 18.2-267. The actions of the police officer in administering the PBT were reasonable under the Fourth Amendment. Accordingly, the PBT results will not be excluded from this Court's probable cause determination. Armed with the PBT results, the officer had probable cause to place Stewart under arrest for driving while intoxicated.

For the reasons stated herein, the Court denies the Motion for Reconsideration without a further hearing on the issue presented.