COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Overton
Argued at Alexandria, Virginia


KIMBERLY STACY, S/K/A
 KIMBERLY DAWN STACY
                                        OPINION BY
v.          Record No. 0923-95-4    JUDGE SAM W. COLEMAN III
                                        MAY 14, 1996
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                    Paul F. Sheridan, Judge

           Bruce M. Blanchard (Odin, Feldman &
           Pittleman, P.C., on briefs), for appellant.

           H. Elizabeth Shaffer, Assistant Attorney
           General (James S. Gilmore, III, Attorney
           General, on brief), for appellee.


     Kimberly Dawn Stacy appeals her conviction for driving while

intoxicated in violation of Code § 18.2-266.  Stacy contends that

the trial court erred by admitting the results of an alka-sensor

test at the pretrial suppression hearing to determine whether the

police officer had probable cause to make an arrest, and that

absent the alka-sensor test results, the evidence was

insufficient to support a finding that the officer had probable

cause to arrest her.  Consequently, Stacy asserts, the blood

alcohol test taken following her illegal arrest should have been

excluded at trial and, therefore, the evidence is insufficient to

sustain her conviction.  We hold that the trial court did not err

by admitting the alka-sensor test result for the purpose of

determining that the officer had probable cause to arrest Stacy.

 Accordingly, we hold that the results of the blood test were

properly admitted at trial and affirm the defendant's conviction.

At approximately 2:10 a.m. on July 24, 1994, Corporal Darrell Abate of the Arlington County Police Department observed the defendant driving eastbound on Interstate 66. Officer Abate twice witnessed the two right tires of the defendant's vehicle cross over the white line separating the travel lane from the paved shoulder within a distance of approximately one-half mile. As a result, Abate activated his emergency equipment and stopped the defendant.

Upon approaching the vehicle, Officer Abate identified the defendant as the driver and asked for her operator's license and registration, which she produced without difficulty. He detected an odor of alcohol and noticed that the defendant's eyes were bloodshot. When asked whether she had been drinking, the defendant replied that she had consumed two beers and two glasses of wine over the course of the evening and that she had taken the last drink approximately two hours before being stopped. Officer Abate then asked the defendant to perform field sobriety tests, and the defendant exited her vehicle without difficulty.

The defendant first performed a thirty second leg raise, which involved lifting one leg approximately six inches off the ground with her arms at her side while counting aloud from zero to thirty. The defendant performed this test as instructed without lowering her foot, raising her arms for balance, or counting improperly.

Officer Abate next instructed the defendant to walk fifteen steps, touching her feet heel to toe, on an imaginary straight line while counting the steps out loud, and then to turn and walk ten steps back in the same manner. The defendant walked ten steps in the manner instructed and then turned and walked ten steps again. Except for walking ten steps away instead of fifteen, she performed the test well.

Officer Abate offered the defendant the opportunity to take a roadside alka-sensor test and informed her that the test results could not be used as evidence against her in court. She consented to the alka-sensor test, which registered positive for alcohol, and Abate arrested her for driving while intoxicated. Officer Abate informed the defendant of her rights under the Virginia Implied Consent Law, and she elected to take a blood test. The certificate of blood alcohol analysis filed with the trial court indicated that the defendant's blood alcohol content was .13 percent by weight by volume.

Prior to trial, the defendant filed a Motion to Dismiss/Motion to Suppress the blood test results on the ground that Officer Abate did not have probable cause to arrest her. At the suppression hearing, Abate recounted his observations of the defendant's driving, her performance of the field sobriety tests before being arrested, and he also testified, over the defendant's objection, to the results of the roadside alka-sensor test, which the trial court admitted. The trial court found that

Officer Abate had probable cause to arrest the defendant.

Code § 18.2-267 provides that any person suspected of driving while intoxicated is "entitled, if such equipment is available, to have his breath analyzed to determine the probable alcoholic content of his blood."  If the breath analysis reveals that alcohol is present in the suspect's blood, the police officer may arrest the suspect, but the results of the analysis are not admissible at trial to prove guilt.

> Code § 18.2-267 provides, in relevant part, as follows:
> D. Whenever the breath sample analysis indicates that alcohol is present in the person's blood, the officer may charge the person with [driving while intoxicated]
> . . . .
>
> E. The results of the breath analysis shall not be admitted into evidence in any prosecution [for driving while intoxicated], the purpose of this section being to permit a preliminary analysis of the alcoholic content of the blood of a person suspected of [having driven while intoxicated].

The defendant contends that the term "prosecution" includes a pretrial suppression hearing and, therefore, the trial court violated Code § 18.2-267(E) by admitting the results of the alka-sensor test in determining whether Officer Abate had probable cause to make an arrest.

The pretrial suppression hearing was conducted to determine whether Officer Abate had probable cause to arrest the defendant. "[P]robable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably

- 4 -

trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed." Jones v. Commonwealth, 18 Va. App. 229, 231, 443 S.E.2d 189, 190 (1994) (quoting Taylor v. Commonwealth, 222 Va. 816, 820, 284 S.E.2d 833, 836 (1981), cert. denied, 456 U.S. 906, 102 S. Ct. 1753, 72 L.Ed.2d 163 (1982)). By providing in Code § 18.2-267 that the officer may charge an individual with driving while intoxicated on the basis of the results of a preliminary breath test, the legislature has recognized that this test is reasonably trustworthy to show that a person has consumed alcohol for purposes of determining whether probable cause exists to make an arrest. See Code § 18.2-267(D); Wohlford v. Commonwealth, 3 Va. App. 467, 471, 351 S.E.2d 47, 49 (1986) ("By providing an immediate chemical test at the scene, the suspected driver and the suspecting officer are provided an impartial arbitrator and whether the suspicion of driving under the influence is well grounded is made clear for the benefit of both").

The defendant contends, however, that because Code § 18.2-267(E) provides that the preliminary alka-sensor results cannot be "admitted into evidence in any prosecution," the statute cannot be interpreted, despite its express provision allowing for a person to be charged, to sanction the use of a preliminary breath test in determining probable cause to arrest. (Emphasis added). The defendant asserts that subsection D was

enacted merely to afford the arresting officer with immunity from potential civil claims for false arrest.

We find that the defendant's emphasis on the term "prosecution" in subsection E, providing that the alka-sensor results shall not be admissible, ignores the obvious purpose of subsection D and the fundamental rule of statutory construction "that a statute must be construed from its four corners and not by singling out particular words or phrases." Smith v. Commonwealth, 8 Va. App. 109, 113, 379 S.E.2d 374, 376 (1989). The clear purpose of subsection D, which authorizes the officer to charge a suspect whose preliminary breath test registers positive for the consumption of alcohol, is to recognize that the test is sufficiently reliable to prove that a person has consumed alcohol and that the fact of consumption may furnish reason to believe that a person is intoxicated. Code § 18.2-267 contains no language that supports the defendant's interpretation of it as a grant of civil immunity. Her construction of Code § 18.2-267 would replace the "plain, obvious, and rational meaning of [the] statute" with a strained construction that would defeat the obvious purpose of the statute. Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983).

Although the Supreme Court defined "prosecution" broadly in Sigmon v. Commonwealth, 200 Va. 258, 105 S.E.2d 171 (1958), that case dealt with a statute that barred duplicate "prosecutions" for the same offense. The statute also included the term

"proceeding," which led the Court to state that "[w]hile [the terms] embrace in some respects the same definition, they are not synonymous." Id. at 266, 105 S.E.2d at 177. Although the Court stated that "'[p]roceeding' has a broader meaning" than the term "prosecution," the Court held that for purposes of the statute at issue "'prosecution' means the institution and carrying on of a suit or proceeding to obtain or enforce some right or the process of trying formal charges against an offender before a legal tribunal." Id. at 267, 105 S.E.2d at 178.

By contrast, in Livingston v. Commonwealth, 21 Va. App. 621, 466 S.E.2d 757 (1996), we construed the term "prosecution" and similar terminology in Code § 19.2-271.2, which defines the proceedings in which interspousal immunity applies. We held that the terms "in the case of a prosecution," "criminal cases," and "prosecution for a criminal case" contemplate adversarial proceedings, including a preliminary hearing, but do not include the investigatory stages of a crime. Id. at 627, 466 S.E.2d at 760.

It is manifest from the purposes of the statutes under consideration in Sigmon and Livingston, as well as the manner in which the pertinent terminology was employed in the statutes at issue, that an expansive definition of "prosecution" was intended. Thus, it is clear that neither case, viewed in the context in which they were decided, purports to establish a universal definition of the term "prosecution."

We hold that "prosecution," as it is used in Code § 18.2-267, does not include a pretrial suppression hearing to determine the legality of the arrest; "prosecution" as contemplated in this statute is limited to the proceedings devoted to "determining the guilt or innocence of a person charged with crime." Black's Law Dictionary 1221 (6th ed. 1990). This interpretation is consistent with the obvious purpose of Code §§ 18.2-267(D) and (E), which is "to permit a preliminary analysis of the alcoholic content of the blood of a person suspected of [driving while intoxicated]" and to authorize the officer to charge an accused who tests positive, but to not allow the test results to be admitted as evidence of guilt. The requirement that the officer must advise the suspect that the alka-sensor results cannot be "admitted into evidence in any prosecution" merely informs the person that the test results will not be considered in determining guilt or innocence. Therefore, the trial court did not err by admitting the results of the alka-sensor test at the pretrial hearing to determine probable cause to arrest, which is the sole purpose for administering the test. Because the alka-sensor test results were properly considered along with the other evidence of intoxication to establish probable cause to arrest, the blood test was not illegally administered and, therefore, the evidence was sufficient to sustain the conviction.

Affirmed.

- 8 -