COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Willis and Bumgardner
Argued at Salem, Virginia


RONALD EUGENE CREWEY
                                    MEMORANDUM OPINION* BY
v.     Record No. 1288-97-3    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                       DECEMBER 22, 1998
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
                A. Dow Owens, Judge Designate

        Robert M. Galumbeck (Michael E. Untiedt;
        Dudley, Galumbeck & Simmons, on brief), for
        appellant.

        H. Elizabeth Shaffer, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.




     Ronald Eugene Crewey (appellant) was convicted in a jury

trial of driving under the influence of alcohol in violation of

Code § 18.2-266.  The sole issue in this appeal is whether the

trial court erroneously admitted testimony regarding appellant's

taking of an alkasensor test.  For the following reasons, we

affirm the conviction.

                                I.

     Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible

therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493

--------------------------------

        *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

S.E.2d 677, 678 (1997).

During trial, the Commonwealth introduced evidence that appellant was offered and agreed to take an alkasensor test. After Trooper Paul Lunsford (Lunsford) administered the test, he called Trooper Eddie Whitt (Whitt) over to his car and showed him the results. Whitt testified that he saw the results of the test, which formed a part of his basis for making the arrest.[1] Whitt did not state the actual results indicated on the alkasensor device. Appellant was subsequently arrested for driving under the influence of alcohol in violation of Code § 18.2-266.[2]

Code § 18.2-267, which governs the alkasensor test, provides in part:

A. Any person who is suspected of [driving while intoxicated] shall be entitled, if such equipment is available, to have his breath analyzed to determine the probable alcoholic content of his blood. . . .

\* \* \* \* \* \* \*

D. Whenever the breath sample analysis indicates that alcohol is present in the person's blood, the officer may charge the

_____

[1]The following testimony occurred:

Q. Trooper Whitt, did Trooper Lunsford show you the results of the preliminary analysis?
A. Yes, he did.
Q. Did that form part of your basis for making this arrest?
A. Yes, it did.

[2]Appellant was also arrested for speeding in violation of Code § 46.2-870. At trial, he pled guilty to the speeding charge and that conviction is not before us.

person with [driving while intoxicated]. . . .

E. The results of the breath analysis shall not be admitted into evidence in any prosecution [for driving while intoxicated], the purpose of this section being to permit a preliminary analysis of the alcoholic content of the blood of a person suspected of having violated the provisions of § 18.2-266 or § 18.2-266.1.

F. Police officers or members of any sheriff's department shall, upon stopping any person suspected of having violated the provisions of § 18.2-266 or § 18.2-266.1, advise the person of his rights under the provisions of this section.

Under this section, any person suspected of driving while intoxicated is entitled to a breath analysis test, and the officer must advise the suspect of his rights. If the breath analysis reveals that alcohol is present in the suspect's blood, the police officer may arrest the suspect, but the results of the analysis are not admissible at trial to prove guilt.

In the instant case, the parties agree that the results of the alkasensor test were not admissible to prove appellant's guilt. However, appellant argues that any reference to the alkasensor test by the Commonwealth during the trial constituted reversible error. Applying this rationale, he contends that the trial court erred in allowing into evidence testimony that he took the alkasensor test and that Trooper Whitt saw the results. We disagree.

The purpose of Code § 18.2-267 is "to permit a preliminary analysis of the alcoholic content of the blood of a person

suspected of [driving while intoxicated] and to authorize the officer to charge an accused who tests positive, but to not allow the test results to be admitted as evidence of guilt."  Stacy v. Commonwealth, 22 Va. App. 417, 423, 470 S.E.2d 584, 587 (1996) (internal quotations omitted).  "By providing an immediate chemical test at the scene, the suspected driver and the suspecting officer are provided an impartial arbitrator and whether the suspicion of driving under the influence is well grounded is made clear for the benefit of both."  Wohlford v. Commonwealth, 3 Va. App. 467, 471, 351 S.E.2d 47, 49 (1986).

Under the express terms of the statute, the Commonwealth is required to offer the alkasensor test to the suspect if such equipment is available.  Indeed, we recognized in Wohlford that Code § 18.2-267(F) "clearly reflects a legislative policy that law enforcement officers inform a suspect of his rights under this section."  Id.  While Code § 18.2-267(D) explicitly prohibits introduction of the results of an alkasensor test, there is nothing in the statute that bars evidence that the accused was offered and took the preliminary test.

In the present case, the Commonwealth introduced evidence that it had complied with the statutory requirements by offering appellant the alkasensor test.  The fact that the alkasensor indicated alcohol was in appellant's blood was only one of the factors which formed the basis of appellant's arrest. Trooper Whitt also observed appellant driving erratically in

excess of 80 miles-per-hour in a 65 miles-per-hour zone.  After the initial stop, Whitt observed appellant twice overlook his driver's license as he searched through his wallet for it.  Whitt also noticed several half empty liquor bottles in appellant's car, and one of them had his name written on it.  Additionally, appellant steadied himself by leaning against the car and he smelled of alcohol.  Likewise, Trooper Lunsford testified that appellant was flushed, was unsteady on his feet, and smelled of alcohol.  The record is clear, however, that neither trooper testified what the results of the alkasensor were.  Finding no error, we affirm appellant's conviction.

_Affirmed._
