# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

v.

George A. C. Pettey

July 17, 2001

Case No. (Criminal) 01-27

By Judge Edward L. Hogshire

This action arose from George Alcorn Coors Pettey's November 11, 2000, arrest for operating a motor vehicle under the influence of alcohol. While the Defendant pleaded guilty to violating Virginia Code § 18.2-266, the proper sentencing under Virginia Code § 18.2-270 is at issue. After due consideration of the arguments at the sentencing hearing and those made in the briefs, the Court will sentence the Defendant in accordance with his 0.20 blood alcohol level.

### Statement of Facts

In the early morning hours of November 11, 2000, Officer David Heyden conducted a routine traffic stop on Rugby Road in the City of Charlottesville for excessive speeding and crossing over the center line. Officer Heyden smelled alcohol on Defendant who initially admitted to drinking two or three beers. After staggering as he exited the vehicle and failing field sobriety tests, Officer Heyden administered Defendant a preliminary breath test, pursuant to Virginia Code § 18.2-267 at or around 3:57 a.m. Because this alka-sensor

measured a blood alcohol level of 0.19 per 210 liters of breath, Defendant was placed under arrest for Driving Under the Influence ("DUI").

Defendant was then taken to the Magistrate's Office where he was administered a breathalyzer test. This test, preformed at 5:04 a.m., measured Defendant's blood alcohol content at 0.20 per 210 liter of breath. Defendant then admitted to having consumed eight or nine beers. Defendant was formally charged and placed in jail at 5:28 a.m. Upon sobering up, Defendant was released.

Defendant pleaded guilty to a violation of Virginia Code § 18.2-266 in the General District Court for the City of Charlottesville on January 22, 2001. The General District Court imposed a fine of $350 with $300 suspended, suspension of his driver's license for one year with the allowance for a restricted license after thirty days, and a jail sentence of thirty days with twenty-five days suspended.

Defendant appealed the matter to this Court in a timely manner on January 22, 2001. A hearing was held on May 10, 2001. Defendant again pleaded guilty to a violation of Virginia Code § 18.2-266.

This Court examines appeals from the General District Court *de novo*.

## Applicable Statutes

For the purposes of this opinion, only the terms of sentencing will be examined. These penalties are outlined in Virginia Code § 18.2-270, whose terms were in effect on November 11, 2000. It reads in pertinent part:

> Except as otherwise provided herein, any person violating any provision of § 18.2-266 shall be guilty of a Class 1 misdemeanor. If the person's blood alcohol level as indicated by the chemical test administered as provided in this article was at least 0.20, but not more than 0.25, he shall be confined in jail for an additional minimum, mandatory period of five days. . . . The additional minimum, mandatory period of confinement shall not be suspended by the court.

## Analysis

The subject of this appeal is the applicability of Virginia Code § 18.2-270's five day mandatory enhancing penalty to Defendant. Defendant was administered two tests to determine the amount of alcohol in his system: (1) the alka-sensor measured Defendant's blood alcohol level as 0.19 per 210 liters of breath just minutes after driving and (2) the breathalyzer measured

Defendant's blood alcohol level as 0.20 per 210 liters of breath one hour and seven minutes after arrest. Under the terms of Virginia Code § 18.1-270, if the breathalyzer's 0.20 measurement takes precedence, then this Court must impose at least five days in jail. Alternatively, if the alka-sensor's 0.19 measurement takes precedence, then the Court must impose sentencing for a Class I Misdemeanor.

The Court of Appeals determined in *Davis v. Commonwealth* that the operative timeframe in which to consider the Defendant's level of intoxication is at the time the defendant was driving. 8 Va. App. 291, 298 (1989). In order to assist with such a determination, the Court ruled that there is a rebuttable presumption "that the blood alcohol content while driving was the same as indicated by the results of the subsequent test." *Id.* at 300.

Defendant asks this Court to impose penalties in accordance with the 0.19 blood alcohol level determination from the field alka-sensor instrument taken just minutes after he was pulled over at or around 3:57 a.m. Defendant argues that this is a more accurate measurement of the amount of alcohol in his blood than the 0.20 blood alcohol level found by the breathalyzer at 5:04 a.m. As support for this proposition, Defendant urges that his alcohol level rose to the 0.20 point in the hour and seven minute interval between the alka-sensor test and the breathalyzer. Such a post-arrest alcohol elevation theory is not without precedential support:

> [B]ecause the accepted knowledge of blood alcohol absorption and elimination rates makes it clear that the timing of the chemical test is critical in terms of the accuracy of the test to reflect the prior blood alcohol concentration at the time of driving, the test results cannot be conclusive. Rather, because the blood alcohol concentration reflected by the chemical test necessarily resulted from alcohol consumed prior to or during driving, the test results are presumptive evidence of the blood alcohol concentration at the time of driving. As such, the accused may challenge the test results by competent evidence, such as, for example, that he had not consumed enough alcohol in the relevant time to reach the level indicated by the chemical test results.

*Kehl v. Commonwealth*, 15 Va. App. 602, 605 (1993).

### Admissibility of Alka-Sensor Evidence

The Commonwealth argues that the results from the alka-sensor are not competent evidence to challenge the breathalyzer results according to Virginia

Code § 18.2-267: "[t]he results of the breath analysis shall not be admitted into evidence in any prosecution under § 18.2-266 or § 18.2-266.1, the purpose of this section being to permit a preliminary analysis of the alcoholic content of the blood of a person suspected of having violated the provisions of § 18.2-266 or § 18.2-266.1." The Commonwealth urges that because the alka-sensor results cannot be admitted into evidence in the prosecution of a person for driving under the influence, they cannot be admitted in sentencing.

The question presented is whether sentencing is included in prosecution. The Court of Appeals has construed the definition of prosecution as it is used in the statute: "We hold that 'prosecution,' as it is used in Code § 18.2-267, does not include a pretrial suppression hearing to determine the legality of the arrest; 'prosecution' as contemplated in this statute is limited to the proceedings devoted to 'determining the guilt or innocence of a person charged with crime'." *Stacy v. Commonwealth*, 22 Va. App. 417, 423 (1996) (quoting *Black's Law Dictionary* 1221 (6th ed. 1990)). Because Defendant's guilt has already been determined, sentencing is not part of the prosecution phase for our purposes and thus, the alka-sensor results are not excluded from consideration by this Court.

### Weight Given the Alka-Sensor Evidence

The alka-sensor tests being competent evidence, the issue then becomes the weight which they should be given in comparison to the breathalyzer results. Under *Davis v. Commonwealth*, the Defendant may provide this Court with evidence to rebut the presumption "that the blood alcohol content while driving was the same as indicated by the results of the subsequent [breathalyzer] test." 8 Va. App. 291, 300 (1989). The Defendant asserts that the alka-sensor was recently calibrated by the police department, Officer Heyden regularly uses the equipment, and he used the equipment properly that night.

Absent issues of scientific trustworthiness, alka-sensor results would be a good measure of the Defendant's blood alcohol content simply because it was taken minutes after driving. However, along with this temporal element, the reliability of the alka-sensor must be considered. The Court of Appeals has determined the dependability of the preliminary breath test results from the applicable Code section:

By providing in Code § 18.2-267 that the officer may charge an individual with driving while intoxicated on the basis of the results of a preliminary breath test, the legislature has recognized that this test

is reasonably trustworthy to show that a person has consumed alcohol for purposes of determining whether probable cause exists to make an arrest.

*Stacy v. Commonwealth*, 22 Va. App. 417, 421 (1996). Therefore, the alka-sensor results are reliable enough to show that a person has consumed enough alcohol to effect an arrest but not reliable enough to be admissible in prosecution. For the Court's purpose, they must be reliable enough to rebut the breathalyzer results.

The legal system erects safeguards which reflect the distinction between probable cause and reasonable doubt. Accordingly, the General Assembly has created a system in Virginia wherein drivers are provided with a preliminary blood test to act as, "a mechanism to resolve a potential on-the-scene dispute between the police and the accused concerning the alcoholic content of the blood of the accused." *Jones v. Town of Marion*, 28 Va. App. 791, 794 (1999). The legislature also provides for an additional test which, in the case of a breathalyzer, is administered by licensed professionals having at least forty hours of training, upon equipment approved by the Department of Criminal Justice, Division of Forensic Science, whose accuracy is assured at least every six months. *See*, Virginia Code § 18.2-268.9. The fact that the accused cannot be convicted based on the preliminary breath test demonstrates the test's lower reliability.

The Defendant has not provided this Court with evidence showing the reliability of the 0.19 alka-sensor reading sufficient to rebut the 0.20 breathalyzer reading. "Unless rebutted . . . the test results are sufficient to establish the blood alcohol concentration at the time of driving." *Davis* at 300. The Court confirms the 0.20 breathalyzer measurement in this matter.

## Conclusion

Based on the foregoing, the Defendant is sentenced to a fine of $350 with $300 suspended, suspension of his driver's license for one year with the allowance for a restricted license after thirty days, and a jail sentence of thirty days with twenty-five days suspended. Defendant shall report to this Court on July 31, 2001, at 2:30 p.m. for formal sentencing, unless there is another date agreed upon by counsel and confirmed by court order.