COURT OF APPEALS OF VIRGINIA


Present:   Judges Clements, Felton and McClanahan
Argued at Alexandria, Virginia


TIMOTHY JAY NEATROUR

                                                    MEMORANDUM OPINION* BY
v.        Record No. 2090-03-4                  JUDGE JEAN HARRISON CLEMENTS
                                                     SEPTEMBER 28, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
James H. Chamblin, Judge

David W. Deane (Albo & Oblon, LLP, on briefs), for appellant.

Margaret W. Reed, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


        Timothy Jay Neatrour was convicted on his conditional guilty plea of driving under the

influence, third or subsequent offense within ten years, under Code § 18.2-266.  On appeal,

Neatrour contends the trial court erred in finding at the suppression hearing that (1) the result of the

"preliminary breath test" (PBT) was admissible and (2) probable cause existed to arrest him.[1]

Finding no error, we affirm the trial court's judgment.

        As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The Honorable Thomas D. Horne presided at the hearing on Neatrour's motion to suppress.

I.  BACKGROUND

The relevant facts are not in dispute.  During the evening of September 1, 2002, Loudoun County Sheriff's Deputy Travis Westgate was on patrol when he observed Neatrour drive through a red light.  Westgate executed a traffic stop and approached Neatrour's car on foot.  When Neatrour rolled down his window, Westgate detected the odor of alcohol emanating from Neatrour.  In response to Westgate's inquiry, Neatrour initially claimed he had not been drinking that evening but later admitted he had consumed "approximately two beers."  Neatrour consented to the performance of field sobriety tests and stepped out of the car for that purpose.  Westgate administered three field sobriety tests.  Neatrour satisfactorily completed the "finger dexterity" and backward-counting tests; however, he was unable to complete a "nine-step walk and turn test" (step test) to the deputy's satisfaction, as two of his eighteen steps were not in a straight heel-to-toe line.

Deputy Westgate then asked Neatrour "if he wanted to take" a PBT, and Neatrour "said he would submit to the test."  Before administering the PBT, Westgate read an "implied consent card" to Neatrour.  After administering the PBT and obtaining its result, Westgate arrested Neatrour for driving under the influence.  Neatrour "later registered a .09 on the Intoxilyzer tests."

On December 9, 2002, a grand jury indicted Neatrour for driving under the influence, third or subsequent offense within ten years, in violation of Code § 18.2-266.

Neatrour filed a pretrial motion to suppress the post-arrest Intoxilyzer test result, arguing that Deputy Westgate did not have probable cause to arrest him for driving under the influence.  The Commonwealth filed a written response to Neatrour's motion to suppress, arguing the deputy had probable cause to arrest Neatrour because he ran a red light, smelled of alcohol, failed a field sobriety test, and registered a blood-alcohol content of "0.116%" on the PBT.

At the suppression hearing, the trial judge indicated that the matter was before the court on Neatrour's motion to suppress for a determination of whether probable cause existed to arrest

Neatrour. At the hearing, Neatrour objected to Deputy Westgate's testimony concerning the results of the PBT, arguing the reliability of the PBT had not been established because there was no evidence the PBT machine had been calibrated. The court deferred ruling on the admissibility of the PBT result pending development of the record by the prosecutor.

Responding to the prosecutor's questions, Deputy Westgate described the procedure for using the PBT machine to measure "the alcohol content in one's breath" and explained how the machine was reset before each use to clear any residual alcohol from the machine. He further testified that, although he did not "know exactly how the science" of the machine worked, he was trained to operate the PBT machine and, in the two and a half years since receiving that training, had used it "many times" before administering the test to Neatrour. Westgate also explained that PBT machines are submitted to an official in the sheriff's department for calibration every six months and are not reissued for use unless they are found to be accurate. He testified that the machine he used to administer Neatrour's PBT had been issued to him less than two months before that test. Westgate further testified that, before administering the PBT, he informed Neatrour that,

> [i]f he wished not to take the test[,] the test could not be used against him at this time and it was just a preliminary test to measure the alcohol content in his breath and see whether, in fact, he had enough to where [the deputy] felt that he needed to be taken before a magistrate.

The following exchange between the trial judge and counsel then occurred:

> [PROSECUTOR]: At this time I'd ask the Court to accept the reading of the [PBT] for the purpose of probable cause.

> [DEFENSE COUNSEL]: I'd ask that I be allowed to voir dire.

> THE COURT: All right. I'm going to reserve ruling on [the PBT result]. Why don't you go ahead and put on your evidence and then we'll have cross-examination. The motion to suppress relates to the issue of probable cause for the arrest and that includes the [PBT] result[]. So I would prefer to move ahead as if this was on the motion to suppress with an objection to the use of the [PBT result] as

- 3 -

a foundation stone for the suppression of the later evidence as a result of the arrest. Did you have other evidence?

[PROSECUTOR]: No, Your Honor. I guess I'm not sure about the procedure.

THE COURT: This is on a motion to suppress.

[PROSECUTOR]: So the Court is not accepting the result.

THE COURT: That's the issue. I'll make a decision as to whether or not there's probable cause. I'm going to defer ruling until counsel has had an opportunity to voir dire on the --

[PROSECUTOR]: I understand.

THE COURT: -- use of these results.

The questioning of Deputy Westgate then continued. On cross-examination, when asked by defense counsel if, after informing Neatrour that he was not required to take the PBT and that it was strictly "for the benefit of probable cause," he told Neatrour that the result of the PBT "could not be used against him in [c]ourt," Westgate responded, "Correct."

At the conclusion of the evidence, Neatrour's counsel argued the PBT result was inadmissible because its reliability was not established and Deputy Westgate improperly told Neatrour that the PBT result would not be used against him "in court," rather than "in any prosecution," as required by Code § 18.2-267. Thus, defense counsel's argument continued, the evidence did not establish the existence of probable cause to arrest Neatrour for driving under the influence.

The prosecutor responded that the evidence showed that the PBT machines were checked and calibrated regularly and that Deputy Westgate was trained to properly operate the machine. The prosecutor further argued that, under Stacy v. Commonwealth, 22 Va. App. 417, 470 S.E.2d 584 (1996), the PBT result was admissible at a suppression hearing for the specific purpose of determining whether the officer had probable cause to make an arrest. Thus, the prosecutor

- 4 -

concluded, the PBT result and the evidence that Neatrour ran a red light, had an odor of alcohol about his person, admitted that he had been drinking that evening, and failed one of the field sobriety tests were sufficient to establish probable cause.

After considering Deputy Westgate's testimony and counsel's argument, the trial court found that the machine used by Westgate to administer the PBT to Neatrour had been calibrated and checked for accuracy and that Westgate had properly cleared it before administering the test to Neatrour. Noting that Neatrour's running of the red light, the odor of alcohol about his person, his failure to satisfactorily complete one of the field sobriety tests, and the PBT result were all factors in the overall totality-of-the-circumstances probable cause analysis, the court ruled that Deputy Westgate had probable cause to arrest Neatrour. Specifically regarding the admissibility of the PBT result, the trial judge stated as follows:

> The Court will, consistent with Stacy, permit the [PBT result] to form the basis of a probable cause determination. In that connection, the Court believes the advice that was given by the officer certainly was in substantial compliance with the requirements of [Code § 18.2-267(F)]. The Court will deny the motion to suppress.

Although the court determined that the PBT result was admissible, the actual numerical result of the PBT was not introduced into evidence at the hearing. Neatrour made no further objections or arguments with respect to any of the trial court's rulings.

Neatrour subsequently entered a conditional guilty plea to driving under the influence, third or subsequent offense within ten years, reserving his right to appeal the trial court's denial of his motion to suppress. This appeal followed Neatrour's subsequent conviction.

## II. ANALYSIS

In reviewing the denial of a motion to suppress, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). At a hearing

- 5 -

on a defendant's motion to suppress, the Commonwealth has the burden of showing that a warrantless arrest was constitutionally permissible. See Jackson v. Commonwealth, 267 Va. 666, 673, 594 S.E.2d 595, 598 (2004). However, the appellant has the burden on appeal of showing that the trial court's denial of the motion to suppress "'constituted reversible error.'" McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc) (quoting Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980)).

A. Admissibility of the PBT Result

Neatrour contends the result of the PBT was not admissible because the reliability of the test was not established and Deputy Westgate misadvised him of the implied consent law by telling him that the PBT result would not be used against him "in court," rather than "in any prosecution." Thus, Neatrour concludes, the trial court erred in finding the PBT result admissible. We disagree.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988).

Code § 18.2-267, which governs the administration of a PBT, provides, in pertinent part, as follows:

> A. Any person who is suspected of [driving under the influence] shall be entitled, if such equipment is available, to have his breath analyzed to determine the probable alcoholic content of his blood. . . .
>
> *      *      *      *      *      *      *
>
> C. Any person who has been stopped by a police officer . . . or by any member of a sheriff's department and is suspected by such officer to be guilty of [driving under the influence], shall have the right to refuse to permit his breath to be so analyzed, and his failure to permit such analysis shall not be evidence in any prosecution [for driving under the influence].

- 6 -

D. Whenever the breath sample analysis indicates that alcohol is present in the person's blood, the officer may charge the person with [driving under the influence] . . . .

E. The results of the breath analysis shall not be admitted into evidence in any prosecution [for driving under the influence], the purpose of this section being to permit a preliminary analysis of the alcoholic content of the blood of a person suspected of [driving under the influence].

F. Police officers or members of any sheriff's department shall, upon stopping any person suspected of [driving under the influence], advise the person of his rights under the provisions of this section.

Thus, under Code § 18.2-267, any person suspected by a police officer of driving under the influence is entitled to a PBT, and the officer must advise the suspect of his rights. If the PBT reveals that alcohol is present in the suspect's blood, the officer may arrest the suspect for driving under the influence, but the result of the PBT is not admissible at trial to prove the suspect's guilt.

However, "we have held that the results of the preliminary breath test may be admitted into evidence at a pretrial probable cause or suppression hearing." Woolridge v. Commonwealth, 29 Va. App. 339, 347, 512 S.E.2d 153, 157 (1999) (citing Stacy, 22 Va. App. at 423, 470 S.E.2d at 587). This is so because "the legislature has recognized that [a preliminary breath] test is reasonably trustworthy to show that a person has consumed alcohol for purposes of determining whether probable cause exists to make an arrest." Stacy, 22 Va. App. at 421, 470 S.E.2d at 586.

Here, the pretrial suppression hearing was conducted solely to determine whether Deputy Westgate had probable cause to arrest Neatrour. At that hearing, no evidence was offered to show that the PBT administered to Neatrour was an untrustworthy or otherwise unreliable indicator of whether he had consumed alcohol for purposes of determining probable cause. To the contrary, Deputy Westgate testified that he had been trained on the use of the PBT machine and that, at the

time of the arrest, he had over two years of experience administering the test in the field. He further testified that the PBT machines were regularly calibrated and checked for accuracy every six months, that the machine he used to administer the subject test had been issued to him only two months prior to the test, and that, as part of the standard operating procedure in administering a PBT, he cleared the machine before using it to ensure it was not contaminated by any residual alcohol from a previous test. This evidence amply supports the trial court's finding that the machine used by Westgate to administer the PBT had been calibrated and checked for accuracy and that Westgate had properly administered the test. We cannot say, therefore, that the PBT administered to Neatrour was not reasonably trustworthy to show that he had consumed alcohol for purposes of determining whether Westgate had probable cause to arrest him. Accordingly, we reject Neatrour's claim that the PBT result was inadmissible because the reliability of the PBT was not established.

Likewise, we reject Neatrour's claim that the result of the PBT was inadmissible because Deputy Westgate failed to properly advise him of his rights regarding the PBT. As we noted in Stacy, "[t]he requirement [in Code § 18.2-267(F)] that the officer must advise the suspect that the [PBT] results cannot be 'admitted into evidence in any prosecution' merely informs the person that the test *results* will not be considered in determining guilt or innocence." 22 Va. App. at 423, 470 S.E.2d at 587 (emphasis added) (quoting Code § 18.2-267(E)).

Here, the trial court found that Deputy Westgate satisfied the requirement in Code § 18.2-267(F) that he advise Neatrour of his rights under Code § 18.2-267. The evidence supports this finding. Before administering the PBT to Neatrour, Westgate read an "implied consent card" to him. Although, Westgate did not state at the hearing precisely what that "implied consent card" said, he explained that he informed Neatrour that,

> [i]f he wished not to take the test[,] the test could not be used against
> him at this time and it was just a preliminary test to measure the
> alcohol content in his breath and see whether, in fact, he had

enough to where [the deputy] felt that he needed to be taken before a magistrate.

Asked by defense counsel if, after informing Neatrour that he was not required to take the PBT and that it was strictly "for the benefit of probable cause," he told Neatrour that the result of the PBT "could not be used against him in [c]ourt," Westgate replied, "Correct." The trial court could properly infer from this evidence that Westgate correctly informed Neatrour that the PBT result would be used against him only to determine whether the deputy had probable cause to arrest Neatrour and would not be used against him at trial to determine his guilt or innocence. We hold, therefore, that the deputy's inartful testimony at the hearing does not eviscerate Neatrour's consent to submit to the PBT.

### B. Determination of Probable Cause

Neatrour contends the trial court improperly relied on the PBT result, which was never introduced into evidence at the suppression hearing, to find that probable cause existed. He also contends that there were insufficient "indicators of intoxication to show that probable cause existed to arrest [him] for driving under the influence." Thus, Neatrour concludes, the trial court erred in finding that Deputy Westgate had probable cause to arrest him. We disagree.

Neatrour raises his first contention—that the trial court could not rely on the PBT result to determine probable cause because the PBT result was never actually admitted into evidence—for the first time on appeal. Rule 5A:18 provides, in pertinent part:

> No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated *together with the grounds therefor* at the time of the ruling . . . . A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal.

(Emphasis added). Pursuant to Rule 5A:18, we "will not consider an argument on appeal [that] was not presented to the trial court." Ohree v. Commonwealth, 25 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

> Under this rule, a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal. A general argument or an abstract reference to the law is not sufficient to preserve an issue. Making one specific argument on an issue does not preserve a separate legal point on the same issue for review.

Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (en banc). Thus, preserving one argument on sufficiency of the evidence does not allow argument on appeal regarding other sufficiency questions. See Clark v. Commonwealth, 30 Va. App. 406, 411-12, 517 S.E.2d 260, 262 (1999). Moreover, the same specific argument must have been raised at trial before we may consider it on appeal. See Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 417 (1994) (holding that appellant's failure to raise the same arguments "before the trial court precludes him from raising them for the first time on appeal"); Floyd v. Commonwealth, 219 Va. 575, 584, 249 S.E.2d 171, 176 (1978) (holding that only the same specific sufficiency argument presented to the trial court may be considered on appeal). The purpose of these rules is to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals. See Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991); Kaufman v. Kaufman, 12 Va. App. 1200, 1204, 409 S.E.2d 1, 3-4 (1991).

Here, after considering the evidence and argument presented at the suppression hearing, the trial court found that the result of the PBT was admissible and that, based on the PBT result and other indicia of intoxication, the deputy had probable cause to arrest Neatrour. Neatrour raised no objection to the trial court's reliance, in finding probable cause existed, upon the PBT result even though that result had not been introduced into evidence. The trial court noted Neatrour's previously raised exceptions to the court's ruling, but at no point did Neatrour indicate to the trial court that the court could not properly rely on the PBT result because it was not in evidence. Thus, the trial court was never advised of the claim Neatrour now makes on appeal and had no

- 10 -

opportunity to address or resolve that issue. Hence, we find Neatrour did not preserve the issue for appeal.

Moreover, our review of the record reveals no reason to invoke the "good cause" or "ends of justice" exceptions to Rule 5A:18. Clearly, Neatrour had the opportunity to raise the issue following the trial court's ruling but simply failed to do so. See M. Morgan Cherry & Assocs. v. Cherry, 38 Va. App. 693, 701, 568 S.E.2d 391, 396 (2002) (en banc) (holding that the "good cause" exception to Rule 5A:18 will not be invoked where appellant had the opportunity to raise claim below). Likewise, it is clear from the record, including the discussions between the trial judge and counsel at the suppression hearing, that it was evident to the court by way of reasonable inference that Deputy Westgate charged Neatrour with driving under the influence based on getting a positive PBT result from Neatrour and that, if admissible, the PBT result would serve as a basis for finding that probable cause existed. See Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987) (holding that, to invoke the ends of justice exception to Rule 5A:18, the record must "affirmatively show[] that a miscarriage of justice has occurred, not . . . merely . . . that a miscarriage *might* have occurred").

We hold, therefore, that Neatrour is barred by Rule 5A:18 from raising this issue for the first time on appeal.

We further hold that the evidence presented at the suppression hearing was sufficient to establish that Deputy Westgate had probable cause to arrest Neatrour.

"[A]n assertion that the police lacked probable cause to arrest a defendant presents a question of both law and fact, which is reviewed *de novo* on appeal." McCain v. Commonwealth, 261 Va. 483, 489, 545 S.E.2d 541, 545 (2001); see Ornelas v. United States, 517 U.S. 690, 699 (1996). However, "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from

- 11 -

those facts by resident judges and local law enforcement officers." McGee, 25 Va. App. at 198, 487

S.E.2d at 261 (citing Ornelas, 517 U.S. at 699).

> "'Probable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed.'" By providing in Code § 18.2-267 that the officer may charge an individual with driving while intoxicated on the basis of the results of a preliminary breath test, the legislature has recognized that this test is reasonably trustworthy to show that a person has consumed alcohol for purposes of determining whether probable cause exists to make an arrest.

Stacy, 22 Va. App. at 421, 470 S.E.2d at 586 (quoting Jones v. Commonwealth, 18 Va. App. 229,

231, 443 S.E.2d 189, 190 (1994) (quoting Taylor v. Commonwealth, 222 Va. 816, 820, 284 S.E.2d

833, 836 (1981))). "The function of the preliminary breath test under Code § 18.2-267 is to provide

an independent means to determine and resolve questions concerning probable cause, but it does not

supplant other methods for a police officer to determine probable cause." Jones v. Town of Marion,

28 Va. App. 791, 795, 508 S.E.2d 921, 923 (1999). Under Code § 18.2-267(D), an officer may

charge an individual with driving under the influence "[w]henever the breath sample analysis

indicates that alcohol is present in the person's blood." Code § 18.2-266 prohibits a person from

driving or operating a motor vehicle "while such person is under the influence of alcohol."

Here, the trial court could reasonably infer, as fact finder, that the PBT administered to

Neatrour indicated to Deputy Westgate that Neatrour had alcohol present in his blood. In addition

to that indication of intoxication, the evidence also established that Westgate knew from his own

observations that Neatrour ran a red light, smelled of alcohol, admitted to having had

"approximately two beers," and failed a field sobriety test. We conclude that these circumstances

are sufficient to warrant a person of reasonable caution to believe that Neatrour had been driving

under the influence.

Accordingly, we hold that the trial court did not err in finding that Deputy Westgate had probable cause to arrest Neatrour for driving under the influence.

## III. CONCLUSION

For these reasons, we affirm the trial court's judgment and Neatrour's conviction.

<u>Affirmed.</u>